603 P.2d 104

**STATE of Arizona, Appellee,**

v.

**James DeForrest REESE, Appellant.**

**No. 1 CA–CR 3813.**

Court of Appeals of Arizona,
Division 1, Department A.

Oct. 2, 1979.

Rehearing Denied Nov. 7, 1979.

Review Denied Nov. 27, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Asst. Atty. Gen., Dennis C. Freeman, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FROEB, Judge.

Appellant James DeForrest Reese questions whether the trial court abused its discretion by ordering as a condition of probation that he pay restitution for charges dismissed or never brought by the State.

Appellant pleaded guilty to first degree burglary of a law office in Maricopa County Superior Court Cause No. CR–103907. Pursuant to the plea agreement, the State dismissed Maricopa County Superior Court Cause No. CR–100465, which included four counts of burglary and grand theft. The trial court found appellant guilty of first degree burglary of the law office and placed him on probation for five years. As a condition of probation, appellant was ordered to make restitution in the amount of $3,427.38 by regular monthly payments of $80.00. The record reveals that $1,500.00 of the amount ordered as restitution was earmarked for the burglary of the law office. The balance was to reimburse the victims of the dismissed charges in CR–100465 and additional crimes not charged by the State.

At the sentencing hearing appellant objected to the recommendation in the presentence report that appellant be required to

pay as restitution any amount in excess of $1,500.00 intended for the law office. The sentencing judge stated he had heard the motion to suppress evidence on the four counts in the dismissed charge CR–100465 and that:

[T]he State has very strong evidence against Mr. Reese. He had stolen merchandise in his car. It was suppressed, because the search was, in my opinion, paintly [sic] unconstitutional but you had glass on his coat. You had him in the immediate vicinity. You had glass on his shoes. You had an eyewitness. So it is very strong.

I don't begrudge Mr. Reese his right to make an explanation, but I have to say that I really don't accept that explanation.

After deciding to follow the presentence report recommendations regarding restitution for the several crimes, the judge gave appellant an opportunity to object to the *amount* of restitution reported by the victims and recommended by the probation department. Appellant had already objected to the requirement of making restitution in all crimes, except the present case, but made no objection to the *amount* of restitution.

Appellant argues that the trial court abused its discretion in ordering restitution for the dismissed charges and the charges *not brought by the State.*

■ We have previously held that the trial judge may, in his discretion, require as a term of probation that the defendant make restitution for crimes other than those adjudicated by a judgment of guilt. *State v. Cummings,* 120 Ariz. 69, 583 P.2d 1389 (App.1978). However, in *Cummings,* the defendant confessed to the crimes for which restitution was ordered. Here, a more difficult question is presented: may restitution be ordered for crimes in which not only is there no adjudication of guilt but in which there is no admission or confession.

In this case restitution was ordered for three categories of crime. The first is the burglary involved in the present case. There is no issue on appeal concerning restitution to the victim of this crime. The second category involves the four charges in Maricopa County Cause No. CR–100465 in which the evidence was suppressed. These charges were dismissed at sentencing. In the third category are the uncharged offenses referred to in the presentence report by way of police departmental reports. The appellant has neither admitted, confessed to, or been found guilty of the crimes in the second and third categories. The record indicates the appellant's denial of these crimes. There is no provision in the plea agreement by which the appellant agrees to pay restitution to the victims of these crimes. Moreover, we have not been furnished a factual record supporting appellant's implication in these crimes, except as to the dismissed charges. As to those the record only shows that the sentencing judge heard the motion to suppress evidence and was convinced that the appellant committed the crimes involved. Thus, as to the second and third categories, there are somewhat different legal considerations involved, but in light of our resolution of the case, we do not reach or discuss them.

■ There is no question in Arizona that the sentencing judge under A.R.S. § 13–1657 may condition probation upon a requirement that the defendant make restitution to the victims. *Shenah v. Henderson,* 106 Ariz. 399, 476 P.2d 854 (1970); *Redewill v. Superior Court,* 43 Ariz. 68, 29 P.2d 475 (1934); *State v. Garner,* 115 Ariz. 579, 566 P.2d 1055 (App.1977).[1] We have also held that the sentencing judge may require restitution by the defendant to the victim of a separate uncharged crime where the defendant has admitted his responsibility for it. *State v. Cummings, supra.* This is, however, where we draw the line.

■ We hold that it is an abuse of discretion for a sentencing judge to require restitution by a defendant for a crime in

---

1. This case arises under Arizona law prior to the Arizona Criminal Code revisions effective October 1, 1978. Revised criminal code provisions expressly provide for restitution as a condition of probation. *See* A.R.S. §§ 13–603 and 13–901.

which there is no admission or adjudication of guilt or liability, unless the defendant, in a plea agreement or otherwise, consents to such restitution. We agree with the statements of the California Supreme Court in *People v. Richards*, 17 Cal.3d 614, 131 Cal. Rptr. 537, 552 P.2d 97 (1976):

Disposing of civil liability cannot be a function of restitution in a criminal case. To begin with, the criminal justice system is essentially incapable of determining that a defendant is in fact civilly liable, and if so, to what extent. A judge may infer from a jury verdict of guilt in a theft case that a defendant is liable to the crime victim. But a trial court cannot properly conclude that the defendant owes money to a third party for other unproved or disproved crimes or conduct. A party sued civilly has important due process rights, including appropriate pleadings, discovery, and a right to a trial by jury on the specific issues of liability and damages. The judge in the criminal trial should not be permitted to emasculate those rights by simply declaring his belief that the defendant owes a sum of money.

\* \* \* \* \* \*

Even if it can be implied that defendant owes money to Ward, [victim] the conclusion does not necessarily follow that he is civilly liable. Civil law, of course, provides for priorities among creditors and rehabilitation of debtors in many cases. No evidence could have been introduced in the criminal trial herein as to whether defendant had declared bankruptcy or other creditors had asserted monetary claims against him superior to that of Ward [victim-creditor] 131 Cal. Rptr. at page 541, 552 P.2d at page 101.

█ Under our system it would be untenable to incarcerate or impose a fine upon a defendant without an adjudication of guilt in accordance with due process of law. Although restitution to a victim of crime is not a criminal punishment exacted by the state, it must nevertheless rest upon due process of law. Therefore, it is equally untenable to impose a requirement of restitution upon a defendant whose responsibility for the crime has neither been admitted nor established in accordance with due process. The requirement that a defendant make restitution under such circumstances would reduce our system of justice to a potentially dangerous facade and convert the criminal court into a collection agency with none of the requirements of due process found even in a civil money judgment proceeding.

This is not to say that the sentencing judge in the present case acted in the absence of supporting facts. Nevertheless, the rule we announce must apply to all defendants in an unlimited variety of situations. Conscientious as he may be, the sentencing judge in most cases must rely upon the presentence report prepared by the probation department. Information as to all other alleged criminal activity of the defendant is often limited to police departmental reports and "rap sheets." There is no reasonable opportunity for the defendant to refute the recommendation for restitution without compromising his constitutional rights and jeopardizing himself for sentencing in the case at hand. We conclude that the proper avenue for victim restitution is either through adjudication of guilt, plea agreement or civil judgment.

The State relies in part upon the holding of *People v. Lent*, 15 Cal.3d 481, 124 Cal. Rptr. 905, 541 P.2d 545 (1975). In *Lent*, the defendant was acquitted by a jury of one of two charges, yet the court, after a hearing, ordered restitution to the victim for the acquitted charge. Although the specific facts of *Lent* appear to justify the imposition of restitution, we cannot accept on principle the notion that a jury can acquit a defendant of a crime but that the sentencing judge may nevertheless require the defendant to pay restitution to the victim. On the other hand, if the victim were to recover a money judgment in a civil proceeding, the criminal court would be warranted in ordering, as a condition of probation, that the defendant pay the judgment. The latter comports with due process and is reasonably related to the goals of criminal justice.

█ Finally, the State argues, on what appears to be a waiver theory, that the

appellant was given an opportunity by the sentencing judge to move for modification of terms of probation but failed to do so. The State is only partially correct, however. The sentencing judge determined that appellant should be responsible for restitution in the uncharged and dismissed crimes, but allowed appellant an opportunity to disagree as to the amount. Appellant declined to urge modification of the amount presumably because he contended he had no responsibility for any amount of restitution in these crimes. We find no waiver in this situation and the issue of propriety of the restitution order was adequately preserved for appeal.

In conclusion, we hold that the order relating to restitution in this case must be set aside and the case remanded to the trial court for the imposition of revised terms and conditions of probation consistent with our decision, which may, in the discretion of the trial court, require that appellant pay any civil judgment recovered by the victims of the uncharged and dismissed crimes.

WREN, P. J., and DONOFRIO, J., concurring.