701 P.2d 15

**STATE of Arizona, Appellee,**

v.

**Jeffrey PLEASANT, Appellant.**

**No. 1 CA–CR 8197.**

Court of Appeals of Arizona,
Division 1, Department C.

May 23, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Greg A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

OPINION

FROEB, Judge.

Appellant Jeffrey Pleasant was initially charged with four counts of fraudulent schemes and artifices, a class two felony, in violation of A.R.S. § 13–2310. Appellant entered into a plea agreement wherein he agreed to plead guilty to counts one and two. The plea agreement stipulated that concurrent sentences would be imposed and provided for the dismissal of counts three and four.

Subsequent to accepting the guilty plea, the court sentenced appellant to two con-

current terms of seven years' imprisonment. The court also ordered appellant to pay $3,982.00 in restitution. It is this restitution order which appellant challenges on appeal.

■ Appellant contends that the trial court could not order him to pay restitution without first imposing a fine. As no fine was imposed, appellant argues that the restitution order must be set aside. We disagree.

Appellant bases his contention on A.R.S. § 13–803(A) which provides that "[u]pon a defendant's conviction for an offense resulting in the death, physical injury or economic loss of the victim, the court may order that all or any portion of the fine imposed be allocated as restitution to be paid by the defendant." From this, appellant argues that a fine must be imposed before restitution can be ordered. However, appellant ignores A.R.S. § 13–603(C), which, at times pertinent, provided as follows:

> If a person is convicted of an offense, the court shall require the convicted person to make restitution to the victim of the crime or to the immediate family of the victim if the victim has died, in such an amount and manner as the court may order after consideration of the economic loss to the victim and economic circumstances of the convicted person.

While a fine is required by § 13–803(A), such is not the case with A.R.S. § 13–603(C). We find no reason to believe the two statutes, while overlapping, cannot co-exist with respect to the matter of restitution. We hold the court could properly order restitution without a fine pursuant to § 13–603(C), and find no error.

Appellant next argues that the amount of restitution that he was ordered to pay, $3,982.00, was improper. We agree.

Appellant was initially charged on four counts. The presentence report indicates that the victims in the four incidents claimed losses of $3,982.00. This was the amount appellant was ordered to pay as restitution. However, appellant admitted guilt in only two of the incidents. The total loss claimed by those victims was only $1,809.00.

■ It is well settled that a defendant may be ordered to pay restitution only on charges that he has admitted, on which he has been found guilty, or upon which he has agreed to pay restitution. *State v. Reese*, 124 Ariz. 212, 603 P.2d 104 (App. 1979). The state concedes that none of these criteria have been met with regard to counts three and four and that the trial court erred in ordering restitution in the amount of $3,982.00. Accordingly, we hereby modify appellant's sentence and order that he be required to pay $1,809.00 in restitution. A.R.S. § 13–4036.

Judgment is affirmed; sentence is affirmed as modified.

CORCORAN, P.J., and EUBANK, J., concur.