704 P.2d 283

The STATE of Arizona, Appellee,

v.

Gerald Keith SKILES, Appellant.

No. 2 CA–CR 3680.

Court of Appeals of Arizona, Division 2, Department A.

June 26, 1985.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

Frederic J. Dardis, Pima County Public Defender by Regula Case, Tucson, for appellant.

OPINION

PER CURIAM.

Defendant was indicted on one count of leaving the scene of an accident. On De-

cember 5, 1983, defendant was driving a vehicle which was struck by a motorcycle. The motorcyclist suffered severe injuries. The defendant fled on foot. The indictment states, in part, that defendant "failed to remain at the scene of said accident and render aid as required in A.R.S. § 28–663, in violation of A.R.S. §§ 28–661,...."

Defendant pled guilty, and at the change of plea hearing the trial court established that defendant (1) had been operating the vehicle (2) was involved in an accident which (3) resulted in injuries to another person and that, after the accident (4) defendant "didn't stay there to check out and see if [he] needed to render aid or assistance." This provided the factual basis for accepting the plea.

The presentence report noted that defendant denied responsibility for causing the accident and concluded that the defendant lacked remorse for his actions. At the sentencing hearing, defendant's lawyer objected to this reference. He stated that defendant was remorseful for leaving the scene of the accident (the crime for which he had pled guilty) but argued that his fleeing the scene was not probative of whether or not defendant had caused the accident. The trial court sentenced defendant to the presumptive term of 1.5 years in prison and ordered him to pay a fine of "$3,000 which fine shall be treated as restitution to the victim." Defendant appeals only from that portion of the sentence ordering restitution.

Defendant's position on appeal is that the sentence imposing a fine in the nature of restitution is inappropriate because there was no showing that he was at fault in the accident. We agree.

The trial judge explicitly avoided any determination of fault. He stated that the "offense is the fact that after the accident ... he didn't stay there as required by statute." The statute, A.R.S. § 28–661, requires a driver to stop at the scene of the accident and remain there until the requirements of A.R.S. § 28–663 have been fulfilled. Under § 28–663, the driver must give certain information to the person in-

jured and render "reasonable assistance" to the injured person. In the case at bench it is clear that defendant violated § 28–661. There are no facts, however, which establish his fault for the accident nor that the motorcyclist suffered any aggravation to his injuries by defendant's criminal act in fleeing the scene.

Under these circumstances, the case law is clear and an order of restitution is not warranted. *Redewill v. Superior Court,* 43 Ariz. 68, 29 P.2d 475 (1934); *State v. Monick,* 125 Ariz. 593, 611 P.2d 946 (App. 1980); *State v. Reese,* 124 Ariz. 212, 603 P.2d 104 (App.1979).

The state concedes the general principle but believes that a "statutory wrinkle" justifies the restitution portion of this particular sentence. A.R.S. § 13–803(D) excludes all but a few traffic offenses from orders of restitution. One exception is for violations of A.R.S. § 28–661. The state then asserts that if restitution is not appropriate in this instance then the reference to A.R.S. § 28–661 in A.R.S. § 13–803(D) is a nullity. This is not so. There may be cases in which leaving the scene of an accident may aggravate the initial injuries suffered in the accident. This type of harm is what § 28–661 is designed to avoid (by its incorporation of § 28–663). We need not reach the issue of whether restitution would be appropriate in cases where liability for the accident had clearly been determined. Such liability is not at issue in the case at bench. It was never decided who was at fault for the accident. Under these circumstances there was no basis for imposing a sentence requiring restitution.

The conviction is affirmed. The case is remanded for determination as to whether the fine is to be imposed in view of this decision when it cannot be imposed for restitution.