726 P.2d 210
**STATE of Arizona, Appellee,**

v.

**Gerald Arthur WHITNEY, Appellant.**

**No. 1 CA–CR 8601.**

Court of Appeals of Arizona,
Division 1, Department B.

Dec. 17, 1985.

Review Denied Sept. 19, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. and Joseph T. Maziarz, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa Co. Public Defender by Edward F. McGee, Deputy Public Defender, Phoenix, for appellant.

MEYERSON, Judge.

On November 11, 1983, sometime between 4:15 and 4:45 p.m., appellant Gerald Arthur Whitney stole a 1978 Jeep belonging to Thomas Kieger. Approximately one hour later, while driving the stolen Jeep, appellant was involved in a traffic accident with a vehicle owned and driven by Sisto Del Rio. Officers investigating the accident apparently concluded that appellant was at fault. Del Rio informed a deputy adult probation officer that his vehicle sustained $600 in damage as a result of the collision.

Appellant was charged with the crime of theft (of the jeep), a class 3 felony. He pled guilty and was sentenced to the presumptive term of five years imprisonment. He was also ordered to pay restitution in the amount of $4,246.34. The trial judge did not indicate how this amount was calculated. However, the presentence report recommended that Kieger receive $564.50, that Kieger's insurance carrier receive $3,081.84, and that Del Rio receive $600. These three sums total $4,246.34. The parties agree that $600 was to be paid to Del Rio.

The single issue on appeal is whether the sentencing judge had authority to order that restitution be paid to Del Rio. We hold that the trial judge lacked such authority and modify the sentence accordingly.

Under the clear wording of the restitution statute, A.R.S. § 13–603(C),* a defendant can be required to make restitution to

---

* At the time appellant committed the crime for which he was sentenced, A.R.S. § 13–603(C) provided:

   If a person is convicted of an offense, the court shall require the convicted person to make restitution to the victim of the crime or

to the immediate family of the victim if the victim has died, in such an amount and manner as the court may order after consideration of the economic loss to the victim and the economic circumstances of the convicted person.

the victim of the crime. Because Del Rio was not the victim of the theft, the restitution order was invalid because it exceeded the court's authority under the statute.

It is well settled that a defendant may be ordered to pay restitution only for an offense that he has admitted, upon which he has been found guilty, or upon which he has agreed to pay restitution. *State v. Pleasant*, 145 Ariz. 307, 701 P.2d 15 (App. 1985). Pleasant admitted guilt in only two of four counts. The trial court ordered him to pay restitution on all four counts. This court modified the sentence to require that he pay restitution only on the counts for which he had admitted guilt.

In *State v. Monick*, 125 Ariz. 593, 611 P.2d 946 (App.1980), the defendant pled guilty to burglary and theft, while the state agreed to dismiss a criminal damage count and an unrelated charge of theft of a motorcycle. The trial court ordered that he pay restitution to the owners of the stolen motorcycle. This court held that "a trial court's order of restitution to a victim of an *unrelated crime* to which appellant has neither admitted guilt, been adjudicated guilty, nor agreed to pay restitution is clearly erroneous." *Id.* at 595, 611 P.2d at 948 (emphasis added).

The Oregon Supreme Court was faced with a case factually similar to the instant case. In *State v. Eastman*, 292 Or. 184, 637 P.2d 609 (1981), the defendant was involved in a traffic accident and fled the scene in violation of Oregon's felony hit and run statute. The trial court sentenced the defendant to pay restitution to the owner of the vehicle. The court held that the damages for which restitution was ordered did not result from the defendant's crime of leaving the scene. Rather, the damages resulted from the accident which, in itself, did not constitute criminal activity. The court vacated the sentence on that ground. Division Two of this court has reached a similar conclusion. *See State v. Skiles*, 146 Ariz. 153, 704 P.2d 283 (App.1985).

Here, appellant's alleged negligence in causing the traffic accident involving Del Rio, a half-hour to an hour after the theft, had no connection to the crime for which appellant was charged. Del Rio was therefore not the "victim" of appellant's crime, although he might be a potential plaintiff in a civil action against appellant. The criminal justice system, however, cannot be used to displace a civil forum to extract damages from a defendant for negligent conduct wholly unrelated to the criminal activity which forms the basis of the sentencing court's "jurisdiction."

■ The statute which limits restitution to the "victim of the crime" must therefore necessarily distinguish between victims and third parties. This distinction is grounded in sound policy. *People v. Clark*, 130 Cal. App.3d 371, 181 Cal.Rptr. 682 (1982); *People v. Richards*, 17 Cal.3d 614, 131 Cal. Rptr. 537, 552 P.2d 97 (1976). Restitution statutes contemplate reparation for damages to one injured by virtue of a defendant's violation of criminal law. Disposing of possible civil claims of third parties, however, cannot be a proper function of restitution in a criminal case.

> [T]he criminal justice system is essentially incapable of determining that a defendant is in fact civilly liable, and if so, to what extent. A judge may infer from a jury verdict of guilt in a theft case that a defendant is liable to the crime victim. But a trial court cannot properly conclude that the defendant owes money to a third party for other unproved or disproved crimes or conduct. A party sued civilly has important due process rights, including appropriate pleadings, discovery, and a right to a trial by jury on the specific issues of liability and damages. The judge in the criminal trial should not be permitted to emasculate those rights by simply declaring his belief that the defendant owes a sum of money.

*Id.* at 620, 131 Cal.Rptr. at 541, 552 P.2d at 101. Appellant's criminal conviction does not automatically transform him into a tortfeasor civilly liable for an unrelated incident. Such liability must be pursued in a civil courtroom with all of the procedural

trappings that go hand in hand with our system of civil justice.

Finally, the state argues that appellant waived his right to question the restitution order because he failed to object to the terms of his plea agreement at sentencing. Failure to object waives the issue on appeal unless the ruling complained of constitutes fundamental error. *State v. Thomas*, 130 Ariz. 432, 435, 636 P.2d 1214, 1217 (1981). Because appellant was ordered to pay restitution to one who was not a "victim of the crime" the sentence was illegal and can be reversed on appeal despite the lack of an objection. *Cf. State v. Pyeatt*, 135 Ariz. 141, 143, 659 P.2d 1286, 1288 (App.1982).

The order of restitution is modified by reducing the amount of restitution in the sum of $600.

CONTRERAS, P.J., and JACK L. OGG, J. (Retired), concur.

Note: The Honorable JACK L. OGG, a retired judge of the Court of Appeals, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 20.