733 P.2d 1114

**The STATE of Arizona, Appellee,**

v.

**Steven Raymond PHILLIPS, Appellant.**

**No. 2 CA–CR 4317.**

Court of Appeals of Arizona, Division 2, Department B.

June 24, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and John B. Barkley, Phoenix, for appellee.

Frederic J. Dardis, Pima Co. Public Defender by John F. Palumbo, Tucson, for appellant.

---

## OPINION

**PER CURIAM.**

Appellant pled guilty by agreement to the offense of leaving the scene of an accident involving personal injury, an open-ended class 6 felony. The court sentenced appellant to three years' probation, which included 121 days in the Pima County Jail, and ordered payment of restitution to the accident victim in the amount of $6,130.65. On appeal, appellant requests that this court vacate the order of restitution.

The events giving rise to appellant's offense follow. On June 25, 1985, the 84-year-old victim was crossing Stone Avenue. A large truck was traveling north in the inside lane and had stopped for the woman to cross the street. Appellant was also traveling northbound in the inside lane. When the truck slowed, appellant changed to the outside lane to pass it and continued northbound, striking the pedestrian. She sustained injuries, including a broken pelvis. Appellant then left the scene. Several witnesses followed his vehicle to obtain the number of his license plate. By driving down side streets and continuing in a northerly direction, appellant avoided the pursuing automobiles. The following day, appellant denied involvement in the accident to an investigating officer and refused to cooperate for a period of time. Finally, appellant contacted the officer and reported the location of his vehicle, admitting the accident.

The plea agreement provided that "[a]ppropriate restitution to the victim will be required." Pursuant to the agreement, the court considered evidence of the victim's medical expenses and ordered that restitution be paid in the amount of $6,130.65. Relying upon *State v. Skiles*, 146 Ariz. 153, 704 P.2d 283 (App.1985), and *State v. Reese*, 124 Ariz. 212, 603 P.2d 104 (App.1979), appellant argues that the restitution order was improper because liability for the accident itself has never been determined. In *Skiles*, the defendant pled guilty to leaving the scene of an accident, and the court sentenced him to serve a term of imprisonment and to pay a fine which the court designated as restitution to the accident victim. In *Skiles*, we held that there was no basis for imposing a sentence requiring restitution because there were no facts in the record to establish defendant's fault for the accident or that the victim suffered aggravation of his injuries by the defendant's criminal act in fleeing the scene. 146 Ariz. at 154, 704 P.2d at 284.

In the instant case, appellant agreed in the written plea agreement that appropriate restitution would be ordered upon acceptance of his guilty plea and imposition of sentence. This situation differs from that presented in *Skiles*, where the court on its own ordered that a fine actually be treated as restitution. In *State v. Reese*, Division One held that it is an abuse of discretion for a sentencing judge to require restitution by a defendant for a crime in which there is no admission or adjudication of liability, "unless the defendant, in a plea agreement or otherwise, consents to such restitution." 124 Ariz. at 215, 603 P.2d at 107. The court further stated: "We conclude that the proper avenue for victim restitution is either through adjudication of guilt, plea agreement or civil judgment." *Id.*

Appellant agreed, by entering into the plea agreement, that an order of restitution would be made. The imposition of sentence which included an order that appellant pay $6,130.65 restitution was an appropriate exercise of the sentencing court's discretion.

In addition, we have reviewed the entire record for fundamental error and we have found none. A.R.S. § 13–4035. The judgment of conviction and the sentence imposed are affirmed.