729 P.2d 914

STATE of Arizona, Appellee,

v.

Michael Herman TIETJENS, Appellant.

No. CR 86 0121–T.

Supreme Court of Arizona, En Banc.

Dec. 1, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Joseph T. Maziarz, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Stephen R. Collins, Deputy Maricopa County Public Defender, Phoenix, for appellant.

HOLOHAN, Chief Justice.

Defendant, Michael Herman Tietjens, pled guilty to armed robbery, a class 2 dangerous felony, as part of a "package-deal" plea agreement in which the court's acceptance of defendant's plea agreement was contingent upon the court's acceptance of a co-defendant's plea agreement. The judge sentenced defendant in accordance with the plea agreement and additionally ordered him to make partial restitution to the victim of the robbery. Defendant filed an appeal with the Court of Appeals, challenging the legality of the package-deal plea agreement and the manner in which restitution was ordered. Since at the time of that appeal we were considering a similar package-deal plea agreement case, the Chief Judge of the Court of Appeals, Division One, petitioned this court for transfer of the case under Rule 101(e)(2), Rules of the Supreme Court. We ordered the transfer.

The defendant raises two issues on appeal:

1) whether his plea agreement was improper because it was contingent upon the court's acceptance of another defendant's plea agreement;

2) whether the trial court erred in failing to set the time and manner of payment of restitution.

Defendant and his brother, John Tietjens, robbed a jewelry store on February 27, 1985. On June 20, 1985, defendant pled guilty to a charge of armed robbery, a class 2 dangerous felony. The terms of defendant's plea agreement were that he would receive a sentence of 15 years imprisonment and would have to serve two-thirds of the sentence before becoming eligible for release on any basis; the State would recommend that the sentence run concurrently with a term of probation defendant was serving in Minnesota; the State would not allege the probation status of the defendant to enhance the sentence and would not file any other charges against defendant related to the same inci-

dent; the plea agreement would be withdrawn if the "co-defendant" John Tietjens did not enter into a plea agreement or if the court rejected John's plea agreement.[1] The trial judge sentenced defendant in accordance with the plea agreement and further ordered him to pay a total of $6,140 as restitution to the victim. Defendant was to pay the restitution six months following his release from custody "or as ordered by the Board of Pardons and Paroles." Transcript of Proceedings (T.P.), July 18, 1985 at 9.

## I

■ Defendant first argues that his plea agreement was improper under Rule 17.4 of Arizona Rules of Criminal Procedure, 17 A.R.S., because it was a "package-deal" agreement, contingent upon the court's acceptance of John Tietjen's plea agreement. In the period since defendant filed this appeal, we upheld the legality of package-deal plea agreements in *State v. Solano*, 150 Ariz. 398, 724 P.2d 17 (1986), as long as the trial court carefully inquires into the totality of circumstances in examining the voluntariness of the plea. *See also In re Ibarra*, 34 Cal.3d 277, 666 P.2d 980, 193 Cal.Rptr. 538 (1983). As the facts of the instant case are similar to those in *Solano*, we will follow the principles announced in that case. Considering the totality of the circumstances in the instant case, the record indicates that 1) the prosecutor act-

ed in good faith and the inducement to plead was proper; 2) defendant's guilty plea was supported by the evidence and the "bargained-for" sentence was in proportion to the crime; 3) defendant's plea was not coerced by promises of leniency to a third party; and 4) no other facts impermissibly influenced defendant to plead guilty. Therefore, we hold that defendant's package-deal plea agreement was proper.

## II

■ Defendant also asserts that the trial court erred in failing to set the manner of payment of restitution.[2] The statute in effect at the time of defendant's plea agreement stated that the court is to determine the manner of payment of restitution, after consideration of the economic circumstances of the defendant. A.R.S. § 13-603(C) (Supp.1984-85).[3] We agree with the Court of Appeals' decision in *State v. Oehlerking*, 147 Ariz. 266, 269-70, 709 P.2d 900, 903-04 (App.1985), that under this statute the sentencing court must set the amount of monthly payments and determine when the payments should begin. The trial judge in the instant case ruled that defendant's restitution to the victim had "to be paid six months following release from custody *or* as ordered by the Board of Pardons and Paroles." T.P. of July 18, 1985 at 9 (emphasis added). The trial judge thus did not conclusively set the manner of payment of restitution but left

---

**1.** Michael Herman Tietjens and John Tietjens are brothers. Although Michael's plea agreement stated that John was a co-defendant and it is undisputed that they committed the robbery in question together, John was neither charged in the same information as Michael nor was his case ever joined with Michael's.

**2.** Defendant did not challenge the amount of restitution fixed by the trial judge. The State did raise, in its answering brief, the issue of the amount of restitution that should have been imposed, but the proper procedure for the State to use to bring the issue before an appellate court is to file an appeal or a cross-appeal. A.R.S. § 13-4032(6). As the period for filing an appeal or a cross-appeal in this case is long past, Rule 31.3, Rules of Criminal Procedure, the

propriety of the amount of restitution is not an issue properly before us and therefore we do not address it.

**3.** The statute read in relevant part:
 C. If a person is convicted of an offense, the court shall require the convicted person to make restitution to the person who is the victim of the crime or to the immediate family of the victim if the victim has died, in the full amount of the economic loss as determined by the court and in the manner as determined by the court after consideration of the economic circumstances of the convicted person. Restitution ordered pursuant to this subsection shall be paid to the clerk of the court for disbursement to the victim.
A.R.S. § 13-603(C) (Supp.1984-85).

open the possibility that the manner of payment would be determined later by the Board of Pardons and Paroles.[4]

Since the manner of payment of restitution must be fixed by the sentencing court, we remand this case to the trial court to determine the manner in which the defendant is to make restitution, after considering the defendant's economic circumstances. *See* A.R.S. § 13–603(C) (Supp.1984–85). In all other respects the judgment of conviction and sentence are affirmed.

HAYS and CAMERON, JJ., concur.

GORDON, Vice Chief Justice, concurring and dissenting.

I concur in Part II of the majority's opinion. I respectfully dissent from Part I for reasons articulated in my dissenting opinion in *State v. Solano*, 150 Ariz. 398, 403, 724 P.2d 17, 22 (1986).

FELDMAN, J., concurs in Justice Gordon's concurrence and dissent.

4. The trial judge said he was acting pursuant to A.R.S. § 31–412, which states that "[t]he board shall as a condition of parole order a prisoner to make any court-ordered restitution." § 31–412(C). However, § 31–412 does not authorize the Board of Pardons and Paroles to determine independently the manner in which restitution is to be made. Instead, § 31–412(D) states that payment is to be made in the same manner as restitution that is paid as a condition of probation. A.R.S. § 13–901(H) states that "[w]hen restitution is made a condition of probation, the *court* shall fix the amount thereof and the manner of performance." (Emphasis added). Thus, under either § 13–603 or § 31–412, only the sentencing court can determine the amount and manner of payment of restitution.