733 P.2d 1116

**STATE of Arizona, Appellee,**

v.

**Steven Raymond PHILLIPS, Appellant.**

**No. CR–86–0256–PR.**

Supreme Court of Arizona,
En Banc.

Feb. 26, 1987.

Robert K. Corbin, Atty. Gen., William J. Schafer III, Chief Criminal Counsel, John B. Barkley, Asst. Atty. Gen., Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender, John F. Palumbo, Deputy Pima County Public Defender, Tucson, for appellant.

GORDON, Chief Justice.

Steven Raymond Phillips, appellant, pled guilty to the offense of leaving the scene of an accident involving personal injury. Appellant was placed on three years' probation and ordered to pay restitution of $6,130.65 to the accident victim. Appellant appealed and sought to have the restitution order vacated. The court of appeals affirmed the judgment and sentence. *State v. Phillips*, 152 Ariz. 531, 733 P.2d 1114 (Ct.App.1986). We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Rule 31.19, 17 A.R.S. Rules of Crim.Proc.

I

Appellant was driving home from work on June 25, 1985, when a truck ahead of

him slowed down. Appellant, unaware that the truck was slowing down to permit an 84–year-old woman carrying groceries to cross the street, switched lanes to pass the truck. Appellant unsuccessfully tried to avoid hitting the woman. The woman suffered multiple injuries, including a broken pelvis. Appellant panicked after hitting the woman and did not stop at the accident scene. Someone who saw the accident recorded appellant's license number and gave it to the police. The following day, appellant denied involvement to an investigating officer. Appellant later contacted the officer and admitted his involvement.

Pursuant to a plea agreement, appellant pled guilty to leaving the scene of an accident involving death or personal injuries, a violation of A.R.S. § 28–661. The plea agreement provided: "Restitution of economic loss to the victim in the amount of *$ to be determined* will be required." (Emphasis in original). The court placed appellant on three years' probation and ordered him to pay restitution "in the total amount of $6,130.65 at the direction of the probation department."

We conclude that the trial court could impose restitution as a proper condition of probation. However, we conclude that the trial court ordered an improper amount of restitution and erred in allowing the probation department to set the manner of payment.

## II

■ Under Arizona law, a trial court does not abuse its discretion in ordering a defendant to pay restitution as a condition of probation if the defendant agrees to pay restitution pursuant to a plea agreement or otherwise. *State v. Pleasant,* 145 Ariz. 307, 308, 701 P.2d 15, 16 (App.1985); *State v. Reese,* 124 Ariz. 212, 214–15, 603 P.2d 104, 106–07 (App.1979). Here, appellant agreed to pay restitution "of economic loss" to the victim. By agreeing to pay for the victim's economic losses, appellant did not limit his responsibility only to injuries for which he was at fault or to injuries aggravated when appellant fled the scene. Thus it is immaterial that appellant never admitted to being at fault for the accident, that the trial court never determined who was at fault, and that there was no evidence that appellant, by leaving the scene, aggravated the victim's injuries. Appellant's agreement to compensate the victim for her economic losses permitted the trial court to impose restitution as a proper condition of probation.[1]

## III

Although we agree that the trial court could order restitution as a proper condition of appellant's probation, we believe that the trial court erred in imposing restitution of $6,130.65 in light of our recent holding in *State v. Lukens,* 729 P.2d 306 (Ariz.1986).

In *Lukens,* the defendant pled guilty to theft of property valued at between $100 and $250. Pursuant to a plea agreement, Lukens agreed to make restitution of economic loss to the victim. The trial court ordered Lukens to pay restitution of $9,132.65. In determining whether the trial court properly could order Lukens to pay such a restitutionary amount, we wrote:

> We hold that a defendant cannot be required to pay restitution in an amount exceeding statutorily-prescribed monetary parameters of the crime to which he pleads guilty unless he voluntarily and intelligently agrees to pay a higher amount. The record must clearly reveal that any agreement to pay a higher amount was voluntarily and intelligently made. Such an agreement may be found when 1) a specific dollar amount of restitution is set forth in the plea agreement, 2) a defendant states in court that he agrees to pay a specific dollar amount of restitution, or 3) the defendant pleads guilty after being warned by the trial

---

1. Appellant's reliance on the hit-and-run case of *State v. Skiles,* 146 Ariz. 153, 704 P.2d 283 (App. 1985), is misplaced. Unlike appellant, Skiles never agreed to make restitution to his victim. This difference alone permits us to reach a different result in the present case.

judge that a specific dollar amount of restitution may be ordered. Only if one of these three statements are found in the record will we conclude that a defendant voluntarily and intelligently agreed to pay restitution in an amount exceeding statutorily-prescribed monetary parameters of the crime to which he pled guilty.

At 309.

This case arguably is distinguishable from *Lukens* on two grounds. First, unlike in *Lukens*, the crime to which appellant pled guilty, leaving an accident scene, is not defined by statutorily-prescribed monetary parameters. Second, at the change-of-plea proceedings the trial court advised appellant that restitution could be ordered; Lukens was not warned at her change-of-plea proceedings that she might have to make restitution to her victim. These are distinctions without a difference, however, and do not render our holding in *Lukens* inapplicable here.

■ "For a plea to be intelligently made, a defendant must *thoroughly* understand its consequences." *Lukens*, at 307 (citing *State v. Cutler*, 121 Ariz. 328, 329, 590 P.2d 444, 445 (1979) (emphasis added)). We do not believe that a defendant can "thoroughly understand" the consequences of his agreement to make restitution if he is unaware of the restitutionary amount that can be imposed. Knowledge that restitution can be ordered for the victim's "full economic loss" is insufficient. The defendant must be aware of the specific dollar amounts of restitution that can be imposed before we will find that the defendant voluntarily and intelligently agreed to pay restitution.

■ As in *Lukens*, we will conclude that appellant thoroughly understood the consequences of his agreement to pay restitution only if the record contains at least one of the following: (1) a statement in the plea agreement setting forth a specific dollar amount of restitution; (2) a statement by

the defendant indicating agreement to pay a specific dollar amount of restitution; or (3) a warning by the trial judge prior to accepting the defendant's plea that he can order restitution of a specific dollar amount.[2] We have reviewed the record and cannot find any of the above statements therein. We therefore conclude that the trial court erred in ordering appellant to pay restitution of $6,130.65.

### IV

The trial court ordered that restitution of $6,130.65 be paid "at the direction of the probation department." The record does not indicate under which statute the trial court ordered restitution. From our review of the Criminal Code, we conclude that the only statutes under which the trial court could have ordered restitution in this case are A.R.S. § 13–603(C) or A.R.S. § 13–901(H). Section 13–603(C) provided at the time of appellant's accident: "If a person is convicted of an offense, the court shall require the convicted person to make restitution ... in the manner as determined by the court...." Section 13–901(H) provided: "When restitution is made a condition of probation, the court shall fix the amount thereof and the manner of performance...."

■ Under either statute, the trial court is required to set the manner of payment of restitution. The trial court thus erred in ordering the probation department to set the manner of payment rather than setting the manner of payment itself. *See State v. Tietjens*, 729 P.2d 914, 916–917 (Ariz.1986).

### V

We vacate the judgment and sentence of the trial court and remand the matter for proceedings before the trial court where appellant must be given an opportunity to withdraw his guilty plea if he so desires. If appellant does not withdraw his guilty plea, or if he does withdraw his guilty plea

---

**2.** The "specific dollar amount" may be phrased either with particularity (e.g., "Defendant agrees to pay restitution of $6,130.65 to his victim.") or

in an open-ended manner (e.g., "Defendant agrees to pay restitution of up to $7,000.00 to his victim.").

and a new plea agreement is fashioned under which the trial court can order appellant to pay restitution as a condition of probation, the trial court itself must fix the manner of payment.

HAYS, J. (Retired), and CAMERON and HOLOHAN, JJ., concur.

FELDMAN, Vice Chief Justice, dissenting.

In my view, the sentencing court exceeded its statutory authority by misapplying the restitution statutes in this case.[1] The principal statute provides:

> If a person is convicted of an offense, the court shall require the convicted person to make restitution to the person who is the victim *of the crime* ... in the full amount of the economic loss ...

A.R.S. § 13–603(C) (Supp.1986) (emphasis added).

Phillips did not plead guilty to striking the victim. He was charged only with leaving the scene of the accident (A.R.S. § 28–661), an act that was criminal but did not cause the injury. *Cf. Thompson v. State*, 557 S.W.2d 521, 524 (Tex.Cr.App. 1977) (restitution permissible when defendant dragged accident victim more than 150 feet under car after failing to stop and render aid at the scene). Although Phillips admitted that his vehicle hit the victim, the trial court made no finding that Phillips was at fault in causing the accident, or that Phillips's conduct leading to the accident was criminal.[2]

In effect, the trial court bypassed the civil justice system by requiring Phillips to pay civil damages without finding that he was legally responsible for the accident that caused the injury.[3] *See State v. Whitney*, 151 Ariz. 113, 726 P.2d 210 (App.1985); *State v. Skiles*, 146 Ariz. 153, 154, 704 P.2d 283, 284 (App.1985) (court could not require restitution of a defendant who pleaded guilty to leaving the scene of an accident because there was no showing he had been at fault for the accident or had aggravated the victim's injuries by fleeing the scene).

The majority attempts to distinguish *Skiles* and other cases by noting that Phillips agreed to pay the victim's medical bills arising out of the accident. Maj.Op. 152 Ariz. at 534, 733 P.2d at 1117. The record reveals the error of this. First, the trial court told Phillips that he could be ordered to pay restitution for any "economic loss caused to the victim." The plea agreement provided: "Restitution of economic loss to the victim in the amount of *$ to be determined will be required.*" (emphasis in original). A reasonable person could interpret these statements in conjunction with the restitution statutes—he would be required to pay the "economic loss" caused by *the* offense of which he was guilty—in this case, any aggravation of the original injury caused by leaving the scene of the accident. Second, and even more troubling, is the majority's willingness to approve Phillips's agreement to pay restitution for damages absent an adjudication of guilt or a factual finding that Phillips actually was guilty of a criminal offense (whether charged or not) that

---

1. Because Phillips is challenging the court's authority for its actions and, thus, the legality of his sentence, I believe that his failure to object below is irrelevant. *See State v. Whitney*, 151 Ariz. 113, 115, 726 P.2d 210, 212 (App.1985); *Walczak v. State*, 302 Md. 422, 425, 488 A.2d 949, 951 (1985); *State v. Braughton*, 28 Or.App. 891, 561 P.2d 1040 (App.1977).

2. Phillips was not charged with reckless driving under A.R.S. § 28–693 (Supp.1986), or any other criminal conduct that caused or led to the accident in which the victim was injured. Since the traffic code was decriminalized, passing on the right at a crosswalk is no longer a criminal offense. *See* A.R.S. §§ 28–181 (Supp.1986) and 28–723.

3. Serious constitutional problems may exist with regard to A.R.S. § 13–804, which requires the court to impose restitution for the full amount of the loss, no matter what the circumstances, the defendant's ability to pay, or the prospects that he ever will be able to pay. *See* Note, *The Unconstitutionality of the Victim and Witness Protection Act Under the Seventh Amendment*, 84 COLUM.L.REV. 1590 (1984); Note, *The Constitutionality of the Victims' Restitution Provisions of the Victim and Witness Protection Act*, 70 VA.L.REV. 1059 (1984); Note, *Victim Restitution in the Criminal Process: A Procedural Analysis*, 97 HARV.L.REV. 931 (1984).

caused the damages. *See Lee v. State*, 307 Md. 74, 512 A.2d 372 (1986).

For reasons of public policy, a sentencing court should be permitted to accept a defendant's agreement to pay restitution for crimes other than the one(s) to which he has pleaded guilty, providing they are related to that for which he is convicted. *Lee*, 307 Md. at 79–81, 512 A.2d at 375, citing *United States v. McLaughlin*, 512 F.Supp. 907, 912 (D.Md.1981) (if a defendant could not consent to make restitution for actual loss, the government would have little reason to dismiss indictment counts to limit a defendant's potential period of incarceration). However, a court may not require or accept restitution without a factual basis supporting the defendant's guilt of the crimes for which he is being ordered to make restitution. *Cf. Whitney*, 151 Ariz. at 114, 726 P.2d at 211. A defendant facing possible prison time unless he plea bargains is in an inherently coercive situation. Therefore, I would allow a sentencing court to award restitution of an amount greater than the loss caused by the specific offense for which defendant was convicted only if: (1) the amount of loss suffered by an identifiable aggrieved party is certain; (2) there is a factual finding that defendant caused the loss; (3) the conduct causing the loss violated a criminal statute; and (4) the defendant consents, intelligently and voluntarily, to make full restitution [4] as a condition of probation or plea bargain. *Cf. Lee, supra.* This test is consistent with the rule that a court may not accept a plea of guilty without a factual basis for that plea. Rules 17.3 and 26.2(c), Ariz.R.Crim.P., 17A A.R.S. (Supp.1986).

So far as the record shows in this case, Phillips was offered probation on an illegal condition: that he pay restitution for an act that may not be his fault legally and that may not be a criminal offense. If his act was not criminal, restitution to the victim is properly a concern of the civil justice system. *See People v. Richards*, 17 Cal.3d 614, 131 Cal.Rptr. 537, 552 P.2d 97 (1976) (court cannot order restitution to victim of

count on which defendant has been acquitted).

I dissent.

---

**4.** I agree with the majority that the test set out in *State v. Lukens* was violated in this case.