746 P.2d 1327

The STATE of Arizona, Appellee,

v.

David Adrian ZAMORA, Appellant.

No. 2 CA–CR 87–0460.

Court of Appeals of Arizona,
Division 2, Department A.

Dec. 3, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and John B. Barkley, Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Phoenix, for appellant.

OPINION

LACAGNINA, Chief Judge.

Pursuant to a plea agreement entered March 22, 1983, appellant pled guilty to the unlawful sale of marijuana. He was placed

on probation for four years and ordered to pay restitution in the amount of $170. On September 4, 1986, his probation was revoked. In the meantime he had already paid part of the restitution. Appellant was eventually granted leave to file a delayed appeal. The only issue raised is whether the matter must be remanded to the trial court to allow appellant an opportunity to withdraw from the guilty plea because he was not informed of the specific dollar amount of restitution prior to the trial court's acceptance of his plea, contrary to the supreme court's holding in *State v. Phillips*, 152 Ariz. 533, 733 P.2d 1116 (1987), and *State v. Lukens*, 151 Ariz. 502, 729 P.2d 306 (1986). We agree that, if those cases were applicable, a remand would be necessary. However, appellant's argument that the rule in those cases should be applied retroactively is without merit.

Applying the factors our supreme court discussed in *State v. Stenrud*, 113 Ariz. 327, 553 P.2d 1201 (1976), we conclude that the holdings in *Phillips* and *Lukens* should not be applied retroactively. "Retroactive application of a rule is appropriate if it affects the integrity of the fact-finding process and there is a clear danger of convicting the innocent." 113 Ariz. at 328, 553 P.2d at 1203. It is clear that many pleas entered in conformance with prior authority would fall if *Phillips* and *Lukens* were given retroactive effect, which "would have a disrupting effect upon the administration of justice." 113 Ariz. at 329, 553 P.2d at 1203. We note that similar results obtained in *Halliday v. United States*, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). In that case, the United States Supreme Court refused to give retroactive application to *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which set aside a conviction based on the district court's failure to ascertain the voluntary and intelligent nature of the defendant's plea. A similar result was reached by our supreme court in *State v. Griswold*, 105 Ariz. 1, 457 P.2d 331 (1969), where it was held that *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), would not be given retroactive effect. Our refusal to give retroactive effect to *Lukens* and *Phillips* in this case is supported by the reasoning in those cases.

Our review of the entire record for fundamental error reveals none. Therefore, the judgment of conviction and the sentence imposed are affirmed.

HOWARD, P.J., and HATHAWAY, J., concur.