749 P.2d 937

**STATE of Arizona, Appellee,**

v.

**Benjamin EGWAOJE, Appellant.**

**No. 1 CA-CR 11097.**

Court of Appeals of Arizona, Division 1, Department A.

Jan. 26, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Div., Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Former Maricopa County Public Defender, Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Acting Presiding Judge.

This appeal presents one issue for our consideration: whether the trial court erred in imposing $11,976.99 in restitution when defendant was not informed of the maximum amount he could be ordered to pay before the judge accepted his plea.

In June 1986, defendant was indicted on Count 1, fraudulent schemes and artifices, and Count 2, theft of property with a value of $1,000 or more. These charges stem from defendant's opening a bank account at First Interstate Bank, then making deposits to this account from fictitious checking accounts, thereby creating fictitious balances in the First Interstate account. Defendant then wrote various checks against this account, causing his victims (clothing stores, check guaranty companies, and First Interstate) losses totalling almost $12,000.

In December 1986, defendant signed a plea agreement wherein he agreed to plead guilty to the theft charge. The parties stipulated that he would receive probation, and would be responsible for restitution on all counts, including Count 1, which the state agreed to request the court to dismiss at sentencing.

The trial court accepted this plea, imposed a 5-year probation term with 1 year to be served as flat time, and ordered defendant to pay $100 to the victim compensation fund. He was not given credit for 132 days of presentence incarceration. At the sentencing hearing, defendant repeatedly said he would pay restitution. After a restitution hearing, the amount of restitution listed in defendant's presentence report, $11,976.99, was determined to be the correct amount, and defendant was ordered to repay this to his victims.

On appeal, defendant argues that his plea was not intelligently made pursuant to *State v. Phillips,* 152 Ariz. 533, 733 P.2d 1116 (1987), so that the trial court erred in imposing almost $12,000 in restitution, because he was not informed of the dollar amount or maximum possible amount of restitution before the trial court accepted his plea. The state argues that his plea was voluntarily and intelligently made because the restitution amount is less than the $150,000 fine he knew he could be required to pay.

The supreme court's pronouncements in *Phillips* have recently been modified by that court's decision in *State v. Crowder,* 155 Ariz. 477, 747 P.2d 1176 (1987). In *Crowder,* the supreme court held that the proper procedure for raising restitution issues under *Phillips* was under Rule 32, Arizona Rules of Criminal Procedure (post-conviction relief). This procedure is mandated because of the court's conclusion in *Crowder* that the lack of knowledge as to the amount of restitution is only material if it was a "relevant consideration" in entering into the plea agreement. Such relevancy can only be factually developed through the post-conviction relief process. However, the *Crowder* court noted:

> If the extended record or the very nature of the crime to which the plea is entered indicates that defendant was or *should have been* aware of the approximate amount of restitution to be imposed, then the relevance question will not even arise.

155 Ariz. at 482, 747 P.2d at 1181. (emphasis added.)

In this case, the extended record is such that it is clear that the defendant "should have been aware of the approximate

amount of restitution to be imposed," so that the issue of relevancy does not even arise. Under these circumstances, relegating the defendant to a Rule 32 proceeding to determine the issue of relevancy would be a waste of judicial time.

Here, defendant was indicted because he knowingly wrote checks against insufficient funds. He was aware the account did not have sufficient funds because deposits to the First Interstate account were made from other fictitious accounts. Therefore, he knew exactly how much money his victims would lose. Defendant wrote the checks involved and knew the amount of each. Therefore, we find that the defendant "should have known" the approximate amount necessary in restitution to cover these checks.

We affirm defendant's sentence and the restitution amount ordered.

BROOKS, J., and RUDOLPH J. GERBER, J. Pro Tem., concur.

Note: The Honorable RUDOLPH J. GERBER, Maricopa County Superior Court Judge, was authorized to participate by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. Art. VI, § 3.