920 P.2d 784

**STATE of Arizona, ex rel. Roderick G. McDOUGALL, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable I. Sylvan Brown and Phoenix Municipal Court, the Honorable N. Pike Johnson, judges thereof, Respondents,**

**Severiano MARTINEZ, Real Party in Interest.**

No. 1 CA–SA 96–0161.

Court of Appeals of Arizona, Division 1, Department B.

July 11, 1996.

As Corrected July 17, 1996.

Roderick G. McDougall, City Attorney by Gregory L. Hanchett, Assistant City Prosecutor, Phoenix, for Petitioner.

Michael J. Dew, Phoenix, for Real Party in Interest.

## OPINION

VOSS, Judge.

This special action raises the issue whether a defendant who causes an injury accident and is convicted of leaving the scene of that accident must pay restitution for damages caused in the underlying accident. We accept jurisdiction but deny relief.

## BACKGROUND

On December 26, 1994, real party in interest, Severiano Martinez, caused a traffic accident by turning left in front of a car driven by Bonnie Frazier. Both Frazier and a passenger sustained injuries requiring medical treatment. Additionally, Frazier's car was severely damaged. Martinez immediately left the scene of the accident and was later charged with leaving the scene of an accident involving death or injury in violation of Arizona Revised Statutes Annotated section (A.R.S. § ) 28–661 and making an unsafe turn in violation of A.R.S. § 28–754(A).

In the municipal court proceeding, Martinez pled guilty to the leaving the scene charge and responsible to the unsafe turn charge. Frazier's insurance company sought restitution for the $13,266 paid to Frazier. The municipal court refused to order Martinez to pay the restitution requested by Frazier's insurance company.

The state appealed Martinez' sentence to the Maricopa County Superior Court. The superior court held the municipal court had correctly refused to impose the $13,266 in restitution against Martinez because there was no evidence Martinez' leaving the scene caused or exacerbated any of the injuries.

## DISCUSSION

The decision by this court to accept special action jurisdiction is largely discre-

tionary. *State ex rel. McDougall v. Superior Court*, 172 Ariz. 153, 155, 835 P.2d 485, 487 (App.1992). Special action review is appropriate where the state has exhausted all remedies by appeal and is foreclosed from seeking further review. *Id.* Here, the state cannot appeal the superior court's judgment on appeal from the municipal court because the action does not involve the validity of a tax, impost, assessment, toll, municipal fine, or statute. A.R.S. § 22–375. Additionally, special action review is appropriate because of the lack of case law addressing this specific issue. *See Duquette v. Superior Court*, 161 Ariz. 269, 271, 778 P.2d 634, 636 (App. 1989).

The state alleges the municipal court erred by not requiring Martinez to pay restitution for damages caused in the accident. We disagree.

The Arizona Constitution provides victims with a right to restitution. Under article 2, section 2.1(A)(8), victims of crime have a right to "receive prompt restitution from the person or persons convicted of the criminal conduct that caused the victim's loss or injury." Additionally, A.R.S. § 13–603(C) states that "[i]f a person is convicted of an offense, the court shall require the convicted person to make restitution to the person who is the victim of the crime. . . ." Finally, A.R.S. § 13–804(B) states that a court ordering restitution "shall consider all losses caused by the criminal offense."

■ Where the language of a statute is clear and unambiguous this court will apply the statute's plain language. *Resolution Trust Corp. v. Western Technologies, Inc.*, 179 Ariz. 195, 201, 877 P.2d 294, 300 (App. 1994). The plain language of both the constitutional and statutory provisions requires restitution only for losses caused by the criminal conduct for which defendant was convicted. None of the provisions mandate restitution for noncriminal acts committed by defendant. In fact, A.R.S. § 13–809 specifically exempts traffic offenses from those offenses for which restitution is required.

Moreover, in *State v. Skiles*, 146 Ariz. 153, 704 P.2d 283 (App.1985), this court held restitution is not required for injuries resulting from the underlying accident unless defendant's action in leaving the scene aggravates the victim's injuries. *Id.* at 154, 704 P.2d at 284. In the present case, none of the injuries for which the state seeks restitution was caused by Martinez' criminal conduct. The criminal offense of leaving the scene of an injury accident did not result in the aggravation of injuries sustained in the underlying accident. All of the injuries for which the state seeks restitution were caused by Martinez' violation of A.R.S. § 28–754(A), a civil traffic offense.

However, in *Skiles*, the court specifically did not decide whether restitution was appropriate after a conviction for leaving the scene when defendant was clearly responsible for the accident. *Id.* The state contends Martinez must pay restitution because he was at fault for the underlying accident. Again, we disagree. The state's argument is contrary to the plain language of both the Arizona Constitution and A.R.S. §§ 13–603(C) and 13–804. Both the constitution and statutes require restitution only where the injury is caused by the *criminal conduct* for which defendant was convicted. We, therefore, hold Martinez' liability for the underlying accident does not require restitution as part of Martinez' sentence for leaving the scene of the accident.

■ The state also contends the municipal court incorrectly held that insurance companies are not proper parties to receive restitution. We agree. The law is well-established that an insurance company that sustains losses as a result of criminal conduct is entitled to restitution. *State v. Blanton*, 173 Ariz. 517, 520, 844 P.2d 1167, 1170 (App.1992); *State v. Merrill*, 136 Ariz. 300, 301–02, 665 P.2d 1022, 1023–24 (App.1983).

WEISBERG, P.J., and LANKFORD, J., concur.