**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Arlan D. STEINOLFSON, Defendant and Appellant.**

**Crim. No. 910319.**

Supreme Court of North Dakota.

March 31, 1992.

---

Robert A. Freed, Asst. States Atty., Jamestown, for plaintiff and appellee.

John E. Greenwood of Gilje, Greenwood & Dalsted, Jamestown, for defendant and appellant.

VANDE WALLE, Justice.

Arlan Steinolfson appealed from an order denying his motion for correction of an illegal sentence and for correction of a sentence imposed in an illegal manner pursuant to Rule 35, NDRCrimP. We conclude Steinolfson agreed to pay restitution as part of his plea agreement and we affirm.

Steinolfson was involved in an automobile accident but did not stop at the scene. He was subsequently charged with leaving the scene of an accident involving personal injury. *See* NDCC § 39-08-04. Steinolfson signed a written plea agreement; the county court entered a judgment of conviction and sentenced Steinolfson. In addition to imposing other sentencing alternatives not challenged by Steinolfson, the court ordered him to pay restitution "due to the victim for medical expenses or for damage to the victim's vehicle." The court ordered Steinolfson to pay $4,511.50 after conduct-

ing a restitution hearing. *See* NDCC § 12.1–32–08. When Steinolfson failed to make restitution, the court held an order to show cause hearing. Steinolfson moved to correct his sentence as illegal; the court denied Steinolfson's motion and affirmed its sentencing order.

In this appeal, Steinolfson argues that his sentence was illegal because section 12.1–32–02(1)(e), NDCC, authorizes restitution only for those damages which are directly caused by a defendant's criminal conduct. Because the damages upon which the restitution order rested were not caused or aggravated by his leaving the scene of the accident, Steinolfson contends that restitution was illegal.

 Our statute authorizing restitution as a sentencing alternative states that a court may order "[r]estitution for damages resulting from the commission of the offense." NDCC § 12.1–32–02(1)(e); *see also* NDCC § 12.1–32–08(1)(a) [determination of reasonable damages imposed as restitution "shall be limited to … expenses actually incurred as a direct result of the defendant's criminal action"]. Steinolfson argues that his criminal act of leaving the scene did not cause any damages; the damages resulting from the accident were inflicted before he left the scene. We agree. The statute requires a causal relationship between the criminal act and the damages for which restitution is ordered. That relationship is clearly missing where, as here, the damages occurred before the criminal act. *See State v. Williams,* 520 So.2d 276 (Fla.1988) [defendant not required to pay restitution for damages caused in accident from which she fled]. Deciding that the requisite causal relationship is missing does not, however, resolve the question of Steinolfson's duty to pay restitution.

 In *State v. Thorstad,* 261 N.W.2d 899 (N.D.1978), we concluded that a defendant who agreed as a part of a plea bargain to reimburse a county for fees and expenses of a court-appointed attorney could not challenge any of the statutes relating to the recoupment of attorney fees and expenses. We based this conclusion on the rule that a defendant may challenge a

statute only as it applies to him under the facts. *State v. Woodworth,* 234 N.W.2d 243 (N.D.1975). *Thorstad,* therefore, stands for the proposition that when a defendant agrees to pay restitution in a plea agreement, a sentencing court orders restitution by virtue of the agreement and not the restitution statute.

Other states have reached similar results. In *State v. Phillips,* 733 P.2d 1116 (Ariz.1987), a defendant pleaded guilty to leaving the scene of an accident involving personal injury. As a part of the plea agreement, Phillips agreed to pay restitution of economic loss to the victim of the accident. The applicable statute required the court to order a convicted person to make restitution "to the person who is the victim of the crime." Ariz.Rev.Stat.Ann. § 13–603(C) (Supp.1986). The Arizona Supreme Court concluded that it was immaterial that Phillips "never admitted to being at fault for the accident, that the trial court never determined who was at fault, and that there was no evidence that [Phillips], by leaving the scene, aggravated the victim's injuries." 733 P.2d at 1117. It was the agreement which authorized the trial court to impose restitution. *Id. See also State v. Quinonez,* 735 P.2d 159 (Colo. 1987) [defendant who agrees to restitution when making plea may not later disavow agreement based on no showing that crime caused injury].

 To the *Phillips* court, the determinative issue was not whether the Arizona restitution statute authorized the court's order; rather, the issue was whether the agreement to pay restitution was part of a plea entered voluntarily and intelligently. In order for a reviewing court to conclude the agreement was part of a plea entered voluntarily and intelligently, Arizona decisions require the defendant to agree, on the record, to pay a specific amount. *E.g. State v. Lukens,* 729 P.2d 306 (Ariz.1986). Because the record did not show that Phillips was aware of the specific dollar amounts of restitution that could be imposed on him, the court vacated the judgment and sentence. We agree with the *Phillips* decision insofar as it identifies the voluntariness of a plea as deter-

mining whether a trial court may order restitution pursuant to a plea agreement; we do not, however, require that a defendant agree to pay a specific amount before finding a plea voluntarily and intelligently made.

In *Thorstad*, we said:

"When a defendant agrees to pay for the damage he caused and has a general idea of the amount, but not the specific amount in dollars and cents, which is to be determined later, he cannot later claim in the absence of fraud, that he was not made aware of the amount or that he did not agree to the amount." 261 N.W.2d at 901.

Where, however, the amount of restitution has not been resolved through plea bargaining, a restitution hearing must be held prior to imposing restitution as a part of a sentence. *State v. Bergeron*, 326 N.W.2d 684 (N.D.1982); *see* NDCC § 12.1–32–08 [restitution hearing procedure].

■ In his written plea, Steinolfson stated that he would "pay any restitution which is due to the victim for medical expenses or for damage to the victim's vehicle. Such would include any restitution due to any insurance company." While he did not know the total amount in dollars and cents, Steinolfson knew what the property damages were, and agreed to pay medical expenses. At the order to show cause hearing, Steinolfson offered a memorandum dated Nov. 30, 1990, the same date as the guilty plea signed by Steinolfson, his attorney, and the state's attorney. The memorandum, which was signed only by Steinolfson, stated, in part, "I [Arlan Steinolfson] accept responsibility for the accident and understand that resulting damages including loss of use of the other vehicle totalled $3,643.99." [1] On this record, it is apparent that Steinolfson agreed as a part of his plea to pay restitution for more than those expenses "actually incurred as a direct result of the defendant's criminal action." Steinolfson has not attempted to withdraw his plea. *See* NDRCrimP 32(d). We conclude that the trial court could order restitution pursuant to Steinolfson's plea and that the sentence was, therefore, legal.

■ Steinolfson also argues that the restitution order entered pursuant to his sentence was imposed in an illegal manner because he was not present at the restitution hearing. This argument was not raised before the trial court on the motion to correct the sentence. Issues not presented to the trial court will not be considered for the first time on appeal. *See, e.g., State v. Lang*, 463 N.W.2d 648 (N.D.1990). Steinolfson and his attorney received notice of the restitution hearing; neither appeared. The court ordered Steinolfson to pay $3,643.99 for property damages and lost use of the other vehicle, $100 for an insurance deductible, and $767.51 for medical expenses. Steinolfson does not argue that these figures are inaccurate and he agreed in his plea to pay property damage, lost use, and medical expenses incurred due to the accident. The county court's entry of a restitution order without Steinolfson's presence when Steinolfson received notice of the hearing does not arise to obvious error. *See* NDRCrimP 52(b).

The order of the county court is affirmed.

ERICKSTAD, C.J., LEVINE and MESCHKE, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting as a member of the Court to fill the vacancy created by the resignation of Justice H.F. GIERKE III.

JOHNSON, J., not being a member of this Court at the time this case was heard did not participate in this decision.

---

1. Steinolfson does not argue that this memorandum evidences his attempt to agree to a specific amount and that it, therefore, should "cap" the amount ordered as restitution. The American Hardware Insurance Company paid $3,643.99 for vehicle repairs and rental of a replacement vehicle. Steinolfson told the court at the order to show cause hearing that the memorandum was a payment plan with American Hardware and that he did not have an arrangement with the other parties owed restitution.