216 P.3d 117

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Fredy DOMINGO, Defendant–Appellant.**

**No. 29224.**

Intermediate Court of Appeals of Hawai'i.

Sept. 11, 2009.

James S. Tabe, Deputy Public Defender, on the briefs, for Defendant–Appellant.

Delanie D. Prescott–Tate, Deputy Prosecuting Attorney, on the briefs, for Plaintiff–Appellee.

FOLEY, Presiding Judge, FUJISE and LEONARD, JJ.

Opinion of the Court by LEONARD, J.

Defendant–Appellant Fredy Domingo **(Domingo)** appeals from the Judgment of Conviction and Probation Sentence entered

on June 2, 2008 (**Judgment**) in the Circuit Court of the First Circuit (**Circuit Court**).[1]

Domingo entered a plea of no contest to the offense of Accidents Involving Death or Serious Bodily Injury, in violation of Hawaii Revised Statutes (**HRS**) § 291C–12 (2007).[2] Domingo was sentenced to five years of probation and ordered to pay, *inter alia,* restitution of $13,225.94.

On appeal, Domingo contends that the Circuit Court erred by requiring that he pay restitution. Domingo also contends that the amount of restitution was unreasonable.

Domingo claims that his conduct, failing to remain at the scene of an accident, failing to give information, and failing to render reasonable assistance, in violation of HRS § 291C–14 (2007),[3] did not cause the decedent's losses. The State agrees that the decedent in this case is not a victim, as defined in HRS § 706–646(1), and that there is no evidence in the record that the decedent's death was the result of Domingo's criminal acts. Thus, Domingo did not cause losses to the decedent, pursuant to HRS § 706–646(2).

Based on the record in this case and applicable authorities, we agree that the Circuit Court erred by requiring Domingo to pay restitution. Therefore, we need not consider whether the amount of restitution was reasonable.

## I. *BACKGROUND*

On November 20, 2007, Domingo was indicted on one count of Accidents Involving Death or Serious Bodily Injury. The State alleged that Domingo was involved in an accident resulting in serious bodily injury or death of Royce Tomlin (**Tomlin**), failed to immediately stop his vehicle at the scene of the accident, and failed to fulfill the requirements of HRS § 291C–14.

After initially pleading not guilty, on March 10, 2008, Domingo entered a no contest plea. The State stated the factual basis for the no contest plea as follows:

> Mr. Uehara: The facts would be as follows: that on February 17th, 2007, the defendant, as well as the decedent, were driving in separate vehicles westbound on H–1. The decedent's vehicle crossed the line or lane divider and sideswiped the defendant's car. That caused both cars to—the defendant's hit the guard rail and his car flipped on its side. The

---

1. The Honorable Steven S. Alm presided.

2. HRS § 291C–12 provides, in relevant part:

    § **291C–12 Accidents involving death or serious bodily injury.** (a) The driver of any vehicle involved in an accident resulting in serious bodily injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of section 291C–14. Every such stop shall be made without obstructing traffic more than is necessary.

    (b) Any person who violates subsection (a) shall be guilty of a class B felony.

3. HRS § 291C–14 provides, in relevant part:

    § **291C–14 Duty to give information and render aid.** (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give the driver's name, address, and the registration number of the vehicle the driver is driving, and shall upon request and if available exhibit the driver's license or permit to drive to any person injured in the accident or to the driver or occupant of or person attending any vehicle or other property damaged in the accident and shall give such information and upon request exhibit such license or permit to any police officer at the scene of the accident or who is investigating the accident and shall render to any person *injured in the accident reasonable assistance,* including the carrying, or the making of arrangements for the carrying, of the person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary, or if such carrying is requested by the injured person; provided that if the vehicle involved in the accident is a bicycle, *the driver of the bicycle need not* exhibit a license or permit to drive.

    (b) In the event that none of the persons specified is in condition to receive the information to which they otherwise would be entitled under subsection (a), and no police officer is present, the driver of any vehicle involved in the accident after fulfilling all other requirements of section 291C–12, 291C–12.5, or 291C–12.6, and subsection (a) of this section, insofar as possible on the driver's part to be performed, shall forthwith report the accident to the nearest police officer and submit thereto the information specified in subsection (a).

decedent's car also hit the guard rail and flipped on its roof. The decedent died.

The defendant got out of his car and walked to the side. Witnesses say that he admitted to being the driver of that-his car but then he fled into the bushes and he returned within an hour after a family friend had told him that he had to go back to the scene of the accident.

The decedent as well as the defendant had been drinking.

All of this happened on the island of Oahu, City and County of Honolulu, State of Hawaii.

During a June 2, 2008 hearing on Domingo's Motion for a Deferred Acceptance of No Contest Plea and Sentencing, Domingo acknowledged that he received an addendum to a pre-sentence report which included a letter from Elaine Tomlin, Tomlin's wife (**Mrs. Tomlin**). Mrs. Tomlin requested restitution of $890.56 for airline cost for one, $10,313.85 for funeral expenses, $1,489.13 for a gravestone, and $532.40 for an ambulance fee, for a total of $13,225.94.

During the hearing, the following discussion occurred:

Mr. Uehara: ... Let me cut to the chase, Your Honor. In this particular case, it was an unusual case. It was the decedent who caused the collision and who caused his own death. The decedent was driving stupid and he was driving drunk. His blood alcohol level was .23, almost three times the legal limit.

He was speeding along H-1 going westbound, weaving in and out of traffic. Just before the collision, the decedent was driving in the middle lane, the defendant was driving in the right lane. The decedent veered into the defendant, sidesweeping the defendant's driver side, thus causing the collision of both vehicles. The decedent was not wearing a seatbelt. Accordingly, he was ejected from this speeding vehicle and he died of head injuries at the scene.

The defendant understandably got scared, ran away, but then returned to the scene. And the collision as well as

the decedent's death was no fault of his own.

For those reasons, I am not opposing the deferral motion. And for those reasons, I am not asking the Court to order restitution as part of the defendant's sentencing. And the decedent's family has the opportunity to file a civil action against the defendant if the family desires to do so. However, under the circumstances of the case, I think the equities lie with the defendant rather than the decedent. Thank you.

The Court: Mr. Rodby?

Mr. Rodby: We join in with Mr. Uehara's argument. And I just learned today that Mr. Domingo had never been in an auto accident before.

The Circuit Court denied Domingo's motion and, over Domingo's objection, ordered him to pay restitution of $13,225.94 because he was "guilty of the offense, there's a request, it has to be ordered to be paid."

Domingo timely filed this appeal.

## II. *STANDARD OF REVIEW*

"The authority of a trial court to select and determine the severity of a penalty is normally undisturbed on review in the absence of an apparent abuse of discretion or unless applicable statutory or constitutional commands have not been observed." *State v. Reis*, 115 Hawai'i 79, 83, 165 P.3d 980, 984 (2007) (internal quotation marks and citation omitted).

[W]hile a sentence may be authorized by a constitutionally valid statute, its imposition may be reviewed for plain and manifest abuse of discretion.

Admittedly, the determination of the existence of clear abuse is a matter which is not free from difficulty and each case in which abuse is claimed must be adjudged according to its own peculiar circumstances. Generally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

*State v. Kumukau,* 71 Haw. 218, 227–28, 787 P.2d 682, 688 (1990).

*State v. Gaylord,* 78 Hawai'i 127, 144, 890 P.2d 1167, 1184 (1995) (brackets omitted); *see State v. Rauch,* 94 Hawai'i 315, 322, 13 P.3d 324, 331 (2000).

### III.  DISCUSSION

#### The Circuit Court Erred By Ordering Domingo To Pay Restitution

■  Domingo claims that his misconduct, failing to remain at the scene of an accident, failing to give information, and failing to render reasonable assistance, pursuant to HRS § 291C–14, did not cause Tomlin's losses.

■  In *State v. Chen,* 77 Hawai'i 329, 884 P.2d 392 (App.1994), this court stated:

The purpose of statutes like HRS § 291C–12(a) which require drivers involved in an accident to stop at the scene of the accident, is "to protect those injured . . . and [to] facilitate a determination of civil and criminal liability." *Wylie,* 797 P.2d at 657. *See also State v. Liuafi,* 1 Haw.App. 625, 643, 623 P.2d 1271, 1282 (1981) ("duty to render aid is clearly intended to furnish accident victims prompt assistance in order to minimize their injuries").

77 Hawai'i at 337, 884 P.2d at 400. "Accordingly, criminal liability under HRS § 291C–12(a) does not require proof that the driver of a vehicle caused injury to or death of a person, but only that the accident the driver was involved in resulted in injury to or death of any person." *Id.* at 336, 884 P.2d at 399.

■  However, under HRS § 706–646, a defendant *cannot* be ordered to pay restitution unless he caused a victim's losses. Hawaii Revised Statutes § 706–646 states:

§ 706–646  **Victim restitution.**  (1) As used in this section, "victim" includes any of the following:

(a) The direct victim of a crime including a business entity, trust, or governmental entity;

(b) If the victim dies as a result of the crime, a surviving relative of the victim as defined in chapter 351; or

(c) A governmental entity which has reimbursed the victim for losses arising as a result of the crime.

(2) The court shall order the defendant to make restitution for reasonable and verified losses suffered by the victim or victims *as a result of the defendant's offense* when requested by the victim. The court shall order restitution to be paid to the crime victim compensation commission in the event that the victim has been given an award for compensation under chapter 351. If the court orders payment of a fine in addition to restitution or a compensation fee, or both, the payment of restitution and compensation fee shall have priority over the payment of the fine, and payment of restitution shall have priority over payment of a compensation fee.

(3) In ordering restitution, the court shall not consider the defendant's financial ability to make restitution in determining the amount of restitution to order. The court, however, shall consider the defendant's financial ability to make restitution for the purpose of establishing the time and manner of payment. The court shall specify the time and manner in which restitution is to be paid. Restitution shall be a dollar amount that is sufficient to reimburse any victim fully for losses, including but not limited to:

(a) Full value of stolen or damaged property, as determined by replacement costs of like property, or the actual or estimated cost of repair, if repair is possible;

(b) Medical expenses; and

(c) Funeral and burial expenses incurred as a result of the crime.

(4) The restitution ordered shall not affect the right of a victim to recover under section 351–33 or in any manner provided by law; provided that any amount of restitution actually recovered by the victim under this section shall be deducted from any award under section 351–33.

(Emphasis added.)

The plain language of HRS § 706–646(2) requires restitution in this case only upon evidence that Domingo's offense caused Tomlin's losses.

Absent evidence that Domingo's conduct caused or aggravated Tomlin's injuries or caused Tomlin's death, no causal relationship between Domingo's criminal act and a victim's losses is shown and restitution may not be imposed pursuant to HRS § 706–646. *See, e.g., Schuette v. State*, 822 So.2d 1275, 1281 (Fla.2002) (evidence as to causation between loss and criminal conduct must be shown before restitution may be ordered); *State v. Shafer*, 144 Idaho 370, 374, 161 P.3d 689, 693 (2007) (restitution may not be imposed where there is no evidence of loss resulting from criminal act); *State v. Steinolfson*, 483 N.W.2d 182, 183 (N.D.1992) (causal relationship between criminal conduct and damages must be shown to order restitution).

Domingo admitted that he failed to remain at the scene of the accident, failed to provide information, and failed to render reasonable assistance. However, the State asserted that Tomlin, not Domingo, caused the accident and that Tomlin died at the scene of the accident. There is no evidence in the record that Domingo's criminal misconduct caused Tomlin's injuries or death. It appears that Tomlin's vehicle flipped over onto its roof, causing his immediate death upon impact. No nexus between Domingo's conduct and Tomlin's injuries and death has been demonstrated. Thus, restitution cannot be imposed pursuant to HRS § 706–646.

## IV. CONCLUSION

The Circuit Court's June 2, 2008 Judgment is affirmed as to the conviction and reversed as to the restitution ordered in conjunction with Domingo's sentence.