**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000054
12-JUN-2020
07:52 AM**

NO. CAAP-18-0000054

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
DESTINY M. KELLY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-17-0000093)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Chan and Wadsworth, JJ.)

Defendant-Appellant Destiny M. Kelly (Kelly) appeals from the Judgment of Conviction and Probation Sentence, filed on September 5, 2017, and the Order Denying Motion to Reconsider Sentence, filed on January 26, 2018, in the Circuit Court of the First Circuit (Circuit Court).[1]

After pleading guilty, Kelly was convicted of Unauthorized Control of Propelled Vehicle (UCPV), in violation of Hawaii Revised Statutes (HRS) § 708-836 (2014).[2]  Over Kelly's

---

[1]  The Honorable Edwin C. Nacino presided.

[2]  HRS § 708-836 states, in relevant part:

    **§708-836  Unauthorized control of propelled vehicle.**
    (1)  A person commits the offense of unauthorized control of a propelled vehicle if the person intentionally or knowingly exerts unauthorized control over another's propelled vehicle by operating the vehicle without the owner's consent or by changing the identity of the vehicle without the owner's consent.

objection, Kelly was ordered to pay restitution of $5,021.76 to the Complaining Witness (CW) as part of her sentence. Kelly's motion to reconsider the imposition of restitution was also denied.

On appeal, Kelly claims the Circuit Court erred by (1) imposing restitution because Kelly's conduct was not the cause of the CW's loss and the request for restitution was not reasonable and verified, and (2) failing to consider Kelly's ability to pay when setting the time and manner of payment, in violation of HRS § 706-646(3) (Supp. 2017).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kelly's points of error as follows:

(1) As a preliminary matter, we note that Kelly's appeal from the September 5, 2017 Judgment of Conviction and Probation Sentence was untimely. "In a criminal case, the notice of appeal shall be filed within 30 days after entry of the judgment or order appealed from." Hawaiʻi Rules of Appellate Procedure Rule 4(b)(1). A motion to reduce sentence, pursuant to Rule 35 of the Hawaiʻi Rules of Penal Procedure, is not a tolling motion. State v. Stone, No. SCWC-30059, 2014 WL 820272, at *5-6 (Haw. Feb. 28, 2014) (mem. op.). Kelly filed a Notice of Appeal on January 30, 2018, more than 30 days after the September 5, 2017 Judgment of Conviction and Probation Sentence. Therefore, the appeal was untimely. "[C]ompliance with the requirement of the timely filing of a notice of appeal is jurisdictional." State v. Brandimart, 68 Haw. 495, 496, 720 P.2d 1009, 1010 (1986).

"In criminal cases, [the supreme court] ha[s] made exceptions to the requirement that notices of appeal be timely

---

(2) "Propelled vehicle" means an automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle.

2

filed." State v. Irvine, 88 Hawaiʻi 404, 407, 967 P.2d 236, 239 (1998). The recognized exceptions include "circumstances where . . . defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance[.]" Id. (citation omitted).

Counsel for Kelly admitted he inexcusably or ineffectively failed to timely file a notice of appeal from the September 5, 2017 Judgment of Conviction and Probation Sentence. Therefore, this court will exercise jurisdiction over Kelly's appeal from the September 5, 2017 Judgment of Conviction and Probation Sentence.

Kelly contends the Circuit Court erred by imposing restitution because Kelly's conduct was not the cause of the CW's loss. Kelly claims she did not cause the CW's loss because she was convicted of UCPV, which entailed only intentional or knowing unauthorized control of the CW's vehicle without her consent. Thus, Kelly claims there was no evidence she caused any damage to the CW's vehicle by operating it without consent.

In State v. Domingo, 121 Hawaiʻi 191, 195, 216 P.3d 117, 121 (App. 2009), this court reversed the trial court's imposition of restitution upon a defendant related to a decedent's death. The defendant, Freddy Domingo (Domingo), was convicted of Accidents Involving Death or Serious Bodily Injury for failing to remain at the scene of an accident, failing to give information, and failing to render reasonable assistance. Id. at 192, 216 P.3d at 118. Over Domingo's objection that he did not cause the loss suffered by the decedent, the Circuit Court ordered him to pay restitution of $13,225.94 for funeral expenses, a gravestone, and an ambulance fee. Id. at 193, 216 P.3d at 119. This court held that, because the decedent caused his own death and died at the scene, there was no causal relationship between Domingo's conduct and the decedent's losses. Id. at 195, 216 P.3d at 121. This court stated: "Absent evidence that Domingo's conduct caused or aggravated [the decedent's]

3

injuries or caused [the decedent's] death, no causal relationship between Domingo's criminal act and a victim's losses is shown and restitution may not be imposed pursuant to HRS § 706-646." Id.

Kelly's argument that any loss outside the scope of the statutory elements of an offense precludes causation of loss is without merit. It is true that damage or loss of property is not an element of UCPV. However, in State v. Foumai, No. CAAP-17-0000093, 2018 WL 495679, at *2 (Haw. App. Jan. 22, 2018) (mem. op.), this court found a defendant convicted of Burglary in the Second Degree, in violation of HRS § 708-811 (2014), was the cause of losses for items missing from the premises he burglarized despite the fact that taking of property is not an element of Burglary in the Second Degree. Citing State v. Phillips, 138 Hawai'i 321, 352, 382 P.3d 133, 164 (2016), this court noted that the defendant's conduct need not be the whole or only conduct to bring about the losses, and that only a nexus is required. Foumai, 2018 WL 495679, at *2. This court held there was sufficient evidence presented that the defendant took the missing items, based upon statements from the owners that the items were in their desks prior to the burglary, to demonstrate there was a causal relationship or nexus to establish the defendant caused the losses. Id. at *3.

Contrary to Kelly's claim, HRS § 708-836 currently does not merely seek to punish a defendant for operating a vehicle for a "joyride"; the statute was amended to prohibit unauthorized control of a vehicle. Compare Commentary on HRS § 708-836, with Supplementary Commentary on HRS § 708-836. As in Foumai, it need not be shown that Kelly's conduct was the whole or only conduct that caused all of the damage or loss or that the type of losses claimed for purposes of restitution falls squarely within the elements of the crime for which she is convicted. When Kelly assumed control of the CW's vehicle, the CW lost the ability to guard against loss or damage to the vehicle and its content. Kelly was responsible for any damage or loss to the vehicle or

4

its content while it was in her control.  In this case, the police incident report indicated that, when Kelly was pulled over, "the stereo was missing . . . .  The vehicle was sprayed with red spray paint and the hood was spray painted black."  Thus, Kelly is not precluded, as a matter of law, from being found to be the cause of the CW's losses due to her conviction for UCPV.

Kelly also contends the losses were not reasonable and verified because: original receipts were not submitted, a list detailing the original content and condition of the vehicle was not provided, there was no showing that expenses were actually paid to fix or replace damages or losses, estimates were used to justify the costs of some repairs or replacement items instead of showing actual payment, and the fair market value for replacement of the entire vehicle was substantially less than the restitution requested to cover repairs and replacement items.

HRS § 706-646 states, in relevant part:

> (2)  The court shall order the defendant to make restitution for reasonable and verified losses suffered by the victim or victims as a result of the defendant's offense when requested by the victim. . . .

> (3)  In ordering restitution, the court shall not consider the defendant's financial ability to make restitution in determining the amount of restitution to order.  The court, however, shall consider the defendant's financial ability to make restitution for the purpose of establishing the time and manner of payment.  The court shall specify the time and manner in which restitution is to be paid.  While the defendant is in the custody of the department of public safety, restitution shall be collected pursuant to chapter 353 and any court-ordered payment schedule shall be suspended.  Restitution shall be a dollar amount that is sufficient to reimburse any victim fully for losses, including but not limited to:

> > (a)  Full value of stolen or damaged property, as determined by replacement costs of like property, or the actual or estimated cost of repair, if repair is possible[.]

HRS § 706-646 does not require original receipts be provided to establish a loss was suffered.  Estimated repair costs are expressly permitted to demonstrate losses that are subject to restitution.  Thus, the CW was permitted to rely upon

5

estimated repair costs as part of her restitution request.  There is no statutory requirement to demonstrate only actual payment.  Requiring actual payment would negate the express statutory language of HRS § 706-646(3)(a) that allows use of the estimated cost of repair.

Kelly's argument that losses are limited to the fair market replacement value is not supported by the plain language of HRS § 706-646(3).  HRS § 706-646(3) states: "Restitution shall be a dollar amount that is sufficient to reimburse any victim fully for losses," including the full value of damaged property, which can be determined by either "the replacement costs of like property, or the actual or estimated cost of repair, if repair is possible."  HRS § 706-646(3) does not limit restitution to the lesser of the replacement or repair cost when repair is possible.  In this case, the CW claimed repair was possible and requested restitution for the repair cost.  Restitution was not limited to the fair market value of a replacement vehicle.

Kelly's foregoing arguments are questions of law involving the statutory interpretation of HRS § 706-646.  However, Kelly's claim that the CW failed to adequately specify the damage or loss to the vehicle or its content is a challenge to the reasonableness or veracity of the restitution request.  In State v. Demello, 130 Hawaiʻi 332, 310 P.3d 1033 (App. 2013), vacated in part on other grounds, 136 Hawaiʻi 193, 361 P.3d 420 (2015), this court described the burden shifting nature involved in a restitution proceeding.  We held that the prosecution had the initial burden to present a prima facie showing that the restitution request is "reasonable and verified" by providing information regarding and verification of the victim's losses caused by the defendant.  Id. at 344, 310 P.3d at 1045.  If a defendant contests the request, the defendant must come forward with evidence to support his or her challenge.  Id.  "This process will allow both a defendant and victim the opportunity to litigate their interests while still maintaining the 'fast track'

6

contemplated by the Legislature." <u>Id.</u> at 345, 310 P.3d at 1046. Here, the Circuit Court did not make a finding that Kelly was the cause of the CW's losses and that the losses were sufficiently verified and reasonable.  On this record, a finding is necessary to determine whether, and to what extent, the State made a prima facie showing that Kelly was the cause of the losses and the losses were reasonable and verified.  It was premature to impose restitution as part of Kelly's sentence without making such a finding.

(2)  Kelly contends the Circuit Court did not comply with HRS § 706-646(3)[3] by failing to make findings considering Kelly's financial ability to pay $30 per month in restitution based on her employment, income, lack of assets, and entry into a long term residential substance abuse treatment program.  The State concedes the case should be remanded for findings to adequately determine the time and manner of restitution payments.

The Circuit Court was required to make oral or written findings and conclusions regarding Kelly's financial ability to pay when setting the time and manner of restitution payments. HRS §§ 706-605(7) (2014), 706-646(3); <u>State v. Gaylord</u>, 78 Hawaiʻi 127, 153, 890 P.2d 1167, 1193 (1995); <u>State v. Curioso</u>, No. CAAP-13-0001014, 2014 WL 1271038, at *2-3 (Haw. App. Mar. 28, 2014) (SDO).  In this case, the Circuit Court did not make any oral or written findings and conclusions on the record regarding Kelly's ability to pay restitution when setting the time and manner of the payments.

---

[3]  HRS § 706-646(3) provides, in relevant part:

(3)  In ordering restitution, the court shall not consider the defendant's financial ability to make restitution in determining the amount of restitution to order.  The court, however, shall consider the defendant's financial ability to make restitution for the purpose of establishing the time and manner of payment.  The court shall specify the time and manner in which restitution is to be paid.

Therefore, IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence, filed on September 5, 2017, and the Order Denying Motion to Reconsider Sentence, filed on January 26, 2018, in the Circuit Court of the First Circuit, are vacated and the case is remanded for resentencing.

DATED:  Honolulu, Hawaiʻi, June 12, 2020.


On the briefs:                        /s/ Katherine G. Leonard
                                      Presiding Judge
Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,          /s/ Derrick H. M. Chan
for Plaintiff-Appellee.               Associate Judge

Taryn R. Tomasa,
Deputy Public Defender,               /s/ Clyde J. Wadsworth
for Defendant-Appellant.              Associate Judge