SCPW-18-0000690

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

ALEXANDRA KING, Petitioner,

vs.

THE HONORABLE BLAINE KOBAYASHI, Judge of the District Court of the Second Circuit, State of Hawai'i, Respondent Judge,

and

STATE OF HAWAI'I, Respondent.

---

ORIGINAL PROCEEDING
(CASE NO. 2DTC-18-003207)

<u>ORDER GRANTING IN PART AND DENYING IN PART</u>
<u>PETITION FOR WRIT OF MANDAMUS</u>
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of petitioner Alexandra King's petition for writ of mandamus, the respondent State of Hawai'i's answer to the petition for writ of mandamus, petitioner's reply in support of the petition for writ of mandamus, the respective supporting documents, and the record, it appears that, in light of the nature of the charged offenses, petitioner's pleas to the

charges in the initial complaint in the underlying proceeding, which the district court accepted, were not flawed by the lack of an advisement as to restitution. See HRS § 706-646 (restitution statute); HRS § 701-107(5) ("A violation does not constitute a crime."); State v. Domingo, 121 Hawai'i 191, 194-95, 216 P.3d 117, 120-21 (App. 2009) ("Absent evidence that Domingo's conduct [(e.g., failing to remain at the scene of an accident, failing to give information, and failing to render reasonable assistance)] caused or aggravated Tomlin's injuries or caused Tomlin's death, no causal relationship between Domingo's criminal act and a victim's losses is shown and restitution may not be imposed pursuant to HRS § 706-646."). Further, there was no basis to sua sponte set aside the pleas over petitioner's objection. See People v. Hardin, 67 A.D.2d 12 (N.Y.S.2d 1979) (stating that, in the absence of fraud, the court may not set aside a plea without the defendant's consent).

Extraordinary relief is therefore warranted under the circumstances of this case. See Kema v. Gaddis, 91 Hawai'i 200, 204, 982 P.2d 334, 338 (1999) (where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before

2

the court under circumstances in which he or she has a legal duty to act).  Accordingly,

IT IS HEREBY ORDERED that the petition for writ of mandamus is granted in part and the district court is directed to reinstate petitioner's pleas to the initial complaint and dismiss the pending Third Amended Complaint.[1]  To the extent petitioner is requesting that this court dismiss her case in its entirety, the petition is denied.

DATED: Honolulu, Hawaiʻi, June 29, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

---

[1]  Also, to the extent the Second Amended Complaint has not been dismissed, the district court shall also dismiss the Second Amended Complaint.