# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 21

State of North Dakota,                              Plaintiff and Appellee

v.

Shalee Youngbird,                              Defendant and Appellant

## No. 20200167

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Richard L. Hagar, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Ethan R. Lee, Assistant State's Attorney, Minot, N.D., for plaintiff and appellee.

Eric P. Baumann, Minot, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1] Shalee Youngbird appeals from an amended judgment to include restitution. Youngbird argues the district court had lost jurisdiction to order restitution, erred in ordering restitution and erred in the amount of restitution, and erred by failing to hold a hearing on restitution. We reverse the amended criminal judgment and remand for a hearing on restitution.

I

[¶2] On February 4, 2020, Youngbird pled guilty to the charges of theft of property, reckless endangerment, and duty in accident involving death or personal injury. At the change of plea hearing, Youngbird pled guilty and the State presented the factual basis for Youngbird's guilty plea. Youngbird agreed to this factual basis and the State provided a sentencing recommendation, which included restitution. The district court then sentenced Youngbird, informing the parties on the record that restitution would be left open for 90 days. The criminal judgments for all three charges stated, "The Court reserves jurisdiction to determine restitution within 90 days. If the parties are not able to agree, the state must file a motion for a restitution hearing within 90 days or less or jurisdiction is lost."

[¶3] On April 15, 2020, the State moved to amend the criminal judgment, requesting the court amend it to include restitution in the amount of $56,917.46. Youngbird filed an answer brief, objecting to the State's motion. Neither party requested a hearing on the motion, nor was a restitution hearing held. An order amending judgment to include restitution was filed, and a subsequent order amending judgment to include restitution, attributing the restitution to two of the counts, was filed a month later.

II

[¶4] "This Court's review of a restitution order is limited to whether the district court acted within the limits set by statute, which is similar to an abuse

of discretion standard." *State v. Tupa*, 2005 ND 25, ¶ 3, 691 N.W.2d 579. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Id.*

[¶5] Youngbird argues that the order amending the judgment to include restitution was not timely because a hearing had not been held within 90 days. Youngbird points to the criminal judgments and appendix A conditions of supervised probation, wherein the court states it "reserves jurisdiction to determine restitution within 90 days. If the parties are not able to agree, the state must file a motion for a restitution hearing within 90 days or less or jurisdiction is lost." During the change of plea hearing, the court stated:

> As to the restitution, Ms. Youngbird, the State has 90 days in which to make application to the Court. They'll do that by way of a motion to amend the judgments to include restitution. When that's done they'll send a copy to your attorney and to you.

Here, the State moved to amend the judgment to include restitution within 90 days and did not request a hearing on the matter. Youngbird filed an answer brief objecting to the State's motion but did not request a hearing. Because the State filed its motion within 90 days, the court did not lose jurisdiction to award restitution.

[¶6] Youngbird also argues that the district court erred in ordering restitution without holding a restitution hearing. The State argues that the amount of restitution had been resolved through plea bargaining. "Before imposing restitution or reparation as a sentence or condition of probation, the court shall hold a hearing on the matter with notice to the prosecuting attorney and to the defendant as to the nature and amount of restitution." N.D.C.C. § 12.1-32-08(1). If restitution is imposed by authority of this statute, the court must hold a hearing on restitution before imposing restitution as a sentence. *State v. Tupa*, 2005 ND 25, ¶ 3. This Court has held that a sentencing court need not rely on the restitution statute when the parties reach an agreement on restitution. *State v. Steinolfson*, 483 N.W.2d 182, 184-85 (N.D. 1992)

("[W]hen a defendant agrees to pay restitution in a plea agreement, a sentencing court orders restitution by virtue of the agreement and not the restitution statute."). In *Steinolfson*, the defendant and the prosecuting attorney entered into a written plea agreement in which Steinolfson stated that he would "pay any restitution which is due to the victim for medical expenses or for damage to the victim's vehicle. Such would include any restitution due to any insurance company." 483 N.W.2d at 185. This Court concluded that although he did not know the specific amount in dollars and cents, Steinolfson had agreed to pay specific damages as part of his plea agreement and thus restitution was ordered pursuant to the plea agreement. *Id.*

[¶7] Rule 11(c)(1), N.D.R.Crim.P., describes the types of plea agreements that a defendant may enter into with a prosecuting attorney. Under this rule, an agreement to make a non-binding recommendation of a sentence is significantly different from a binding plea agreement. *State v. Craig*, 2020 ND 80, ¶ 11, 941 N.W.2d 539 (citing *State v. Feist*, 2006 ND 21, ¶ 16, 708 N.W.2d 870). The State's obligation is fulfilled when it makes the specified non-binding recommendation. *Id.* During the change of plea hearing, and after Youngbird had pled guilty, the State provided a recommended sentence to the district court, including that "restitution [was] to be determined within 90 days." Youngbird agreed that this was her understanding of what the State was going to recommend in exchange for her guilty plea. This case is unlike *Steinolfson*, where the defendant agreed to pay restitution for medical expenses and damages to a vehicle, with the exact amount to be determined later. Youngbird did not agree to pay restitution. She pled guilty with the understanding that the State had agreed to recommend a particular sentence, which included restitution. Because restitution was not resolved by plea agreement, the only legal basis to award restitution was the statute, which requires a hearing before awarding restitution. The court failed to act within the limits set by statute when it amended the criminal judgment to include restitution without holding a hearing on the factual basis for the amount of restitution and the causal relationship between the criminal acts and the restitution ordered.

3

## III

[¶8]   We have considered Youngbird's remaining issues and arguments and conclude they are either without merit or unnecessary to our decision. We reverse the amended criminal judgment and remand for a hearing on restitution.

[¶9]   Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Jerod E. Tufte

I concur in the result.
Lisa Fair McEvers