**<u>NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER</u>**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000563**
**23-JUN-2025**
**07:43 AM**
**Dkt. 63 SO**

NO. CAAP-22-0000563


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v. KHAMDY SITHIVONG, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTC-21-005028)


<u>SUMMARY DISPOSITION ORDER</u>
(By:  Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

This appeal challenges a restitution order for damages to a vehicle from a car accident, for the offense of fleeing the scene of an accident (**fled scene offense**) under Hawaii Revised Statutes (**HRS**) § 291C-13.[1]  We reverse.

---

[1]  The statute for a fled scene offense, HRS § 291C-13 (2020 & 2021 Supp.), requires a driver of a vehicle involved in a collision resulting in damage to an attended vehicle to "immediately stop the vehicle at the scene of the collision until the driver has fulfilled the requirements of section 291C-14." HRS § 291C-14 (2020 & 2021 Supp.), in turn, requires the driver to provide their "name, address, and the registration number of the vehicle."

Defendant-Appellant Khamdy Sithivong (**Sithivong**) appeals from the District Court of the First Circuit's (**District Court**)[2] July 27, 2022 "Notice of Entry of Judgment and/or Order and Plea/Judgment" (**Judgment**), and August 3, 2022 "Free Standing Order of Restitution" (**Restitution Order**).

On appeal, Sithivong argues that restitution was erroneously awarded under HRS § 706-646(2),[3] where there was "no evidence" that Sithivong's violation of HRS § 291C-13 for his "'failure to stop at or return to the scene,' . . . caused the Complainant's car damages or made them worse."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Sithivong's contention as follows, and reverse.

Following Sithivong's March 2, 2022 no contest plea, Plaintiff-Appellee State of Hawai'i (**State**) requested restitution for the damage to Marlon Yabut's (**Complainant**) vehicle. Sithivong opposed the request, arguing there was "no nexus" between Sithivong's conduct and the restitution sought.

The District Court held four hearings on the State's restitution request -- on May 2, 2022, June 6, 2022, July 11, 2022, and July 27, 2022.

At the May 2, 2022 hearing, no evidence was presented, only argument. At the end of the hearing, both sides were permitted to submit memoranda on restitution.

Sithivong's May 23, 2022 memorandum cited State v. Domingo, 121 Hawai'i 191, 216 P.3d 117 (App. 2009) and State v.

---

[2]     The Honorable Harlan Y. Kimura presided.

[3]     HRS § 706-646(2) (2014 & 2019 Supp.), entitled "Victim restitution," provides that a "court shall order the defendant to make restitution for reasonable and verified losses suffered by the victim or victims as a result of the defendant's offense." (Emphasis added.)

2

Preza, NO. CAAP-17-0000521, 2019 WL 245667 (Haw. App. Jan. 17, 2019) (SDO), <u>overruled on other grounds by</u> State v. Baker, 146 Hawai'i 299, 463 P.3d 956 (2020), to argue that there was no "causal nexus" between the offense and the Complainant's losses because leaving the scene of the accident did not cause any damage to the Complainant's vehicle. The State's May 23, 2022 memorandum argued that unlike <u>Domingo</u>, in which the complainant "caused the collision," Sithivong hit the Complainant's car while it was parked; and that because Sithivong fled the scene of the collision, the Complainant "had to pay out of pocket to fix his vehicle."

At the second restitution hearing on June 6, 2022, the State did not have the Complainant present to testify, no evidence was presented, and only argument was made. The District Court indicated that the matter was "scheduled for hearing on the restitution study[,]" and that the State should have been "prepared to go forward." The restitution hearing was continued as a "[l]ast continuance for the State[,]" over the defense's objection.

At the third restitution hearing on July 11, 2022, again no evidence was presented, only argument. Despite taking no evidence, the District Court ordered restitution of $3,314.67, purportedly relying on <u>Preza</u>, as follows:

> THE COURT: I did take a look -- I did take a look at the *State v. Preza* Intermediate Court of Appeals case, which is unpublished. And the operative sentence in this opinion the Court believes is the statement where the Intermediate Court of Appeals said the District Court abused its discretion because no evidence was adduced to show Preza's failure to stop at or return to the scene contributed to the damage.
>
> . . . .
>
> So the Court finds that – that word damage [sic] as set forth in the *Preza* case includes both the physical damage to the vehicle as well as the pecuniary loss suffered by the complaining witness, which would constitute

3

> damage also. In other words, damage includes both the physical damage and the dollar loss.
>
> So that being the case -- that being the case, restitution will be ordered in the amount of $3,314.67 payable to Marissa Mercado.[4]

(Emphases and footnote added.) The defense then interjected, stating Sithivong still contested "the amount of restitution," and the Complainant was still not present to testify. The District Court granted a continuance again, over Sithivong's objection that the District Court had already "designate[d] this [sic] the last continuance for the State."

At the fourth restitution hearing on July 27, 2022, the District Court stated that it had already determined there was a "nexus" at the July 11, 2022 hearing, and the only issue left to determine was "how much should the restitution be[,]" as follows:

> THE COURT: Well, first of all -- well, first of all, the Court did make the determination that there was a nexus . . . . And I determined there was a nexus because there was -- the issue is, according to *State v. Preza*, which was previously cited, there would need to be evidence that the defendant's failure to stop at or return to the scene contributed to the damage. And the issue was damage at the prior hearing. And I determined that damage is not only physical damage, but also pecuniary damage.
>
> . . . .
>
> So based upon that, as I said before, there was a nexus. Today's hearing was solely to determine how much of the restitution [sic].

---

[4]    Because there were no findings accompanying this ruling, it is not clear where or how the District Court arrived at this amount it awarded to another complainant, "Marissa Mercado." We take judicial notice, however, of an April 21, 2022 restitution study prepared by a court officer that is contained in the lower court record in this case. The restitution study listed two complainants, Emerito Yabut and Marissa Mercado; indicated "$3,314.67 is the applicable amount of restitution to Emerito Yabut"; and noted "zero [-0-] is the applicable amount of restitution to Marissa Mercado." Assuming arguendo the District Court's ruling awarding $3,314.67 to Marissa Mercado was based on the restitution study, it appears to incorrectly apply the restitution study.

(Emphases added.) The District Court then heard testimony from a court officer with the Restitution Unit and from the Complainant. Testimony reflected that Sithivong "collided" with the Complainant's "parked" vehicle that had a door open.

The District Court entered the August 3, 2020 Restitution Order that Sithivong pay restitution in the amount of $3,300.00. Sithivong timely appealed.

On appeal, relying on Domingo and Preza, Sithivong argues that because there was "no evidence" that Sithivong's fled scene offense "caused the Complainant's car damages or made them worse[,]" restitution was improper under HRS § 706-646(2), which authorizes restitution only for a victim's loss suffered "as a result of the defendant's offense."

The plain language of HRS § 706-646 allows restitution for reasonable and verified losses suffered by the victim "as a result of the defendant's offense." HRS § 706-646(2) (emphasis added). "To determine whether a sufficient nexus exists for the application of HRS § 706-646, a court must determine whether the evidence supports a finding that the defendant's conduct was the cause of or aggravated the victim's loss." State v. Phillips, 138 Hawai'i 321, 352, 382 P.3d 133, 164 (2016) (citation omitted).

In Domingo, the defendant pled no contest to a fled scene offense, where the complainant died, and was ordered to pay restitution for airline costs, funeral expenses, a gravestone, and an ambulance fee. 121 Hawai'i at 192-93, 216 P.3d at 118-19. On appeal, the defendant argued that his fled scene offense "did not cause" the complainant's losses, and therefore, restitution should not have been ordered. Id. at 194, 216 P.3d at 120. This court held that because the State asserted that the complainant "caused the accident" and

immediately died at the scene, there was "[n]o nexus" between the defendant's fled scene offense and the complainant's injuries and death, and restitution could not be imposed. Id. at 195, 216 P.3d at 121.

In Preza, the defendant was convicted of a fled scene offense, and was ordered to pay restitution for damages to the other vehicle. 2019 WL 245667, at *1. On appeal, the defendant argued there was "no nexus" between the offense and the damages to the other vehicle. Id. This court held that the evidence reflected that the "vehicle was damaged during the accident[,]" and that the defendant "committed the offense after the accident occurred." Id. at *2. Because "[n]o evidence was adduced" to show that the defendant's conduct of fleeing the scene "contributed to the damage[,]" the State "failed to meet its burden to establish a causal connection between the restitution requested and the offense charged[.]" Id.

Here, Preza applies and is dispositive.[5] The District Court's purported application of Preza, to conclude that a causal nexus was established, was incorrect because the State did not meet its burden of proving "a causal connection between the restitution requested and the offense charged[.]" See id. At the time of the District Court's ruling at the third hearing on July 11, 2022, the State had not presented any evidence upon which the "nexus" determination or the amount could be based, and the July 11, 2022 ruling ordering "restitution . . . in the amount of $3,314.67" was erroneous. In any event, the evidence that was adduced after this ruling, at the fourth hearing on July 27, 2022, also did not establish the required "nexus" or "causal connection" between the restitution requested and the

_____

[5] Sithivong argued Preza below and on appeal, and the District Court explicitly referenced Preza, but the State's Answering Brief conspicuously avoids any mention of Preza.

fled scene offense. The record of the fourth hearing reflects that the Complainant's vehicle was damaged during the accident, prior to Sithivong's fled scene offense, and Sithivong's offense "did not cause" the Complainant's damages. See id.; Domingo, 121 Hawaiʻi at 194, 216 P.3d at 120. The damage to the Complainant's vehicle was not "a result of the defendant's offense" of fleeing the scene of an accident, which is required for restitution under HRS § 706-646(2).

The District Court thus abused its discretion when it ordered restitution in the amount of $3,300.00. See State v. Kahapea, 111 Hawaiʻi 267, 278, 141 P.3d 440, 451 (2006) (reviewing sentencing matters for abuse of discretion).

For the foregoing reasons, we reverse the District Court's July 27, 2022 Judgment as to the order of restitution and August 3, 2022 Restitution Order.

DATED: Honolulu, Hawaiʻi, June 23, 2025.

On the briefs:

Henry P. Ting,
Deputy Public Defender
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge